**In the Matter of the Subpoena to Philip H. LOWTHIAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 78–1887.*

United States Court of Appeals,
Ninth Circuit.

June 1, 1978.

Philip H. Lowthian (argued), Evans, Anderson, Hall & Grebe, Portland, Or., for appellant.

Jack G. Collins, Asst. U. S. Atty. (argued), Portland, Or., for appellee.

---

* Appeal from the United States District Court for the District of Oregon.

Before BROWNING, GOODWIN and HUG, Circuit Judges.

PER CURIAM:

An attorney subpoenaed to testify and bring documents to a federal grand jury moves for an order staying the order of the district court directing compliance. We deny the stay.

The subpoena duces tecum ordered the attorney to bring with him certain books and papers which, he asserts, were delivered to him in his capacity as an attorney defending a client in a criminal investigation. The attorney brought the documents under seal to the district court, and requested an *in camera* examination by the district judge. The district judge examined the documents and ordered the attorney to comply with the subpoena.

The usual method for challenging a subpoena duces tecum or other order requiring the production of information after the court denies a motion to quash is to refuse to produce the information and then to appeal the judgment which follows the resulting contempt citation.

■ The denial of the motion to quash is not itself an appealable order. *United States v. Ryan,* 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); *Cobbledick v. United States,* 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940).

■ An attorney need not, however, surrender his client's documents and wait for the client's appeal from a judgment of conviction to test the asserted claims of privilege. *Maness v. Meyers,* 419 U.S. 449, 460–461, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975). A contempt judgment for refusal to comply with the subpoena is appealable, and is both the statutory way and the orderly way to bring a question of this character before the court of appeals. 28 U.S.C. § 1826. To move in this court to stay an interlocutory order by the district court in a case of this kind is premature. Such motions proliferate piecemeal appeals without a compensating expedition of the work of either the district court or of this court.

■ An attorney may assert before the grand jury the attorney-client privilege with regard to documents if two conditions are met: (1) the documents have been turned over by the client in the course of seeking legal advice, and (2) the client would be entitled to assert a privilege if the documents were in his possession. *Fisher v. United States,* 425 U.S. 391, 403–05, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1975); *United States v. Osborn,* 561 F.2d 1334, 1338 (9th Cir. 1977).

The government has stipulated that the documents at issue were turned over for the purpose of seeking legal advice, so the attorney's assertion of the attorney-client privilege turns solely on whether the client could successfully invoke his Fifth Amendment privilege in the circumstances of this case if the subpoena were directed to him. *Fisher v. United States,* 425 U.S., at 405, 96 S.Ct. 1569. That matter can be addressed, if necessary, in contempt proceedings in the district court.

The temporary stay heretofore granted pending the oral argument in this case is vacated, the motion is denied, and the matter is remanded to the district court.