Argued and submitted March 26, petition dismissed September 10, 1986

# SHEPHERD,
## *Respondent,*

*v.*

# OREGON LIQUOR CONTROL COMMISSION,
## *Petitioner.*

# EMPLOYMENT RELATIONS BOARD,
## *Intervenor.*

### (ERB 1457; CA A36851)

724 P2d 901

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the briefs were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

No appearance for respondent.

J. Michael Alexander, Salem, argued the cause for intervenor Employment Relations Board. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Before Buttler, Presiding Judge, and Warren and Van Hoomissen, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

On February 1, 1984, Robert Shepherd was removed from a management service position with the Oregon Liquor Control Commission (OLCC), pursuant to ORS 240.570(3),[1] and was reassigned to a classified service position in the agency's Enforcement Division, pursuant to ORS 240.570(1).[2] He appealed the "removal" and "restoration" to the Employment Relations Board (ERB), which, by order dated June 11, 1985, adopted its agent's decision, which affirmed the removal, but remanded the issue of restoration to the agent for further consideration. OLCC seeks review of the remand order pursuant to ORS 240.563.[3]

At the outset, OLCC contends that there is no statutory basis authorizing ERB to consider the restoration issue or, if there is, that there is sufficient evidence in the record to support a determination affirming its placement order. Without addressing the merits of OLCC's contentions, we conclude that the remand order is neither a "final order" subject to judicial review under ORS 183.480(1) nor an order subject to interlocutory review under ORS 183.480(3). Accordingly, we dismiss the petition.

■      ORS 183.480(1)[4] provides that parties to an agency

---

[1] ORS 240.570(3) provides:

"A management service employe is subject to a trial service period established pursuant to rules of the division under ORS 240.250. Thereafter, management service employe may be disciplined by reprimand, salary reduction, suspension or demotion or removed from the management service if the employe is unable or unwilling to fully and faithfully perform the duties of the position satisfactorily."

[2] ORS 240.570(1) provides:

"Positions in the unclassified, management and exempt services may be filled by classified employes. After termination of unclassified or exempt service or removal from the management service, for reasons other than specified by ORS 240.555, an employe formerly in the classified service shall be restored to a position in the same agency and in the same class as the position last held in the classified service. Should there be no vacant position in that class, a layoff shall occur. Should there be no position in that class in the agency, the employe shall be appointed to a position in the classified service in that agency in the next highest class for which the employe is qualified."

[3] ORS 240.563 provides:

Judicial review of orders under ORS 240.560 shall be as provided in ORS 183.310 to 183.550."

[4] ORS 183.480(1) provides:

"Any person adversely affected or aggrieved by an order or any party to an

proceeding are entitled to judicial review of the agency's final order. "Final order" is defined in ORS 183.310(5)(b):

> "(b) 'Final order' means final agency action expressed in writing. 'Final order' does not include any tentative or preliminary agency declaration or statement that:
>
> "(A) Precedes final agency action; or
>
> "(B) Does not preclude further agency consideration of the subject matter of the statement or declaration."

Here, ERB's remand order prefaced further agency action. It did not preclude further consideration of the appropriateness of OLCC's restoration order, but instructed its agent to take further action. Accordingly, it was merely a step in the statutory review procedure and not a final order. *See Reynolds School Dist. v. OSEA,* 58 Or App 609, 614, 650 P2d 119 (1982).

■ OLCC contends that, even if the remand order is not a final order, ERB's initial ruling that it had "jurisdiction" to review the restoration was one. It argues that the jurisdictional ruling was a final order, because it precluded further agency action on "that issue." Although we agree that the jurisdictional question has been decided, at least for the time being, the ruling was not made in a final order. Here, the overriding issue concerned the propriety of OLCC's restoration order. The jurisdictional ruling was nothing more than a tentative declaration in response to OLCC's challenge to the breadth of ERB's delegated authority. The order is not final, because it did not resolve the restoration issue and, accordingly, is not ripe for judicial review.

■ Until ERB issues a final order covering both its jurisdiction and the propriety of restoration, judicial review would be premature, unless interlocutory review is authorized under ORS 183.480(3), which provides, in relevant part:

> "No action or suit shall be maintained as to the validity of any agency order except a final order * * * or except upon showing that the agency is proceeding without probable cause, or that

---

agency proceeding is entitled to judicial review of a final order, whether such order is affirmative or negative in form. A petition for rehearing or reconsideration need not be filed as a condition of judicial review unless specifically otherwise provided by statute or agency rule."

the party will suffer substantial and irreparable harm if interlocutory relief is not granted."[5]

OLCC asserts that ERB is proceeding without probable cause, because it "unquestionably" lacks jurisdiction over the subject matter, although it concedes that ERB has express authority under ORS 240.570(4)[6] to review the removal of management service employes and, under ORS 240.086(1),[7] to review any other personnel action that is alleged to be unlawful affecting an employe who is *not* in a certified or recognized appropriate collective bargaining unit. Shepherd was assigned to a collective bargaining unit before the review process was instigated.[8]

ERB contends that its authority to review employe restorations is implicit, incident to its express authority to review employe removals. It also argues that, under ORS 240.086(1), it has implied authority to determine whether an employe has been restored to the "proper" bargaining unit. Without deciding that issue, it is sufficient to say that ERB did have probable cause to assume the authority to review Shepherd's restoration to the classified service on the basis of

---

[5] Although ORS 183.480(3) does not provide an express exception applicable to judicial review of interlocutory decisions, in *Lane Council Govts v. Emp. Assn., supra,* the court said that the statute provides an exception under which judicial review may be sought from orders that are not final orders.

[6] ORS 240.570(4) provides:

"Employes who are assigned, reassigned, transferred or removed, as provided in subsection (2) of this section, and employes who are disciplined or removed from the management service for the reasons specified in subsection (3) of this section may appeal to the board in the manner provided by ORS 240.560."

[7] ORS 240.086 provides, in relevant part:

"The duties of [ERB] shall be to:

"(1) Review any personnel action affecting an employe, who is not in a certified or recognized appropriate collective bargaining unit, that is alleged to be arbitrary or contrary to law or rule, or taken for political reason, and set aside such action if it finds these allegations to be correct."

[8] The "Conclusions of Law" section of ERB's decision includes the following passage:

"Respondent argues that this Board does not have jurisdiction to review the classification into which Respondent placed Appellant after removing him from management service. We disagree. See *Schellin v. Department of Veterans' Affairs,* [ERB] Case No. 1384 (Ruling October 13, 1983)."

In *Schellin,* the employe petitioned ERB for a determination of the appropriate classified service position *before* she had been restored to the classified service by the employing state agency. ERB held that it had jurisdiction to decide that issue.

its express authority to review similar personnel procedures. *See Lane Council Govts v. Emp. Assn.*, 277 Or 631, 638, 561 P2d 1012 (1977).

OLCC does not claim that it will suffer "substantial and irreparable harm" if interlocutory relief is not granted. To the contrary, further proceedings on remand were not stayed automatically pending this proceeding, ORS 183.482(3)(a), and OLCC has not sought a stay. It may be that OLCC's action will be affirmed by ERB in all respects and that judicial review will not be necessary. Accordingly, we conclude that ORS 183.480(3) does not provide a basis for interlocutory relief.

Petition dismissed.