On petitioners' Motion for Determination of Jurisdiction filed May 30, and respondents' Response to Motion to Determine Jurisdiction filed June 18, and on petitioners' Reply in Support of Motion for Determination of Jurisdiction filed June 25, 1996; taken In Banc April 9, motion to determine jurisdiction granted; jurisdiction determined to be in the Court of Appeals June 25, 1997

## OREGON HEALTH CARE ASSOCIATION,
Care Center East Health & Specialty Care,
Fernhill Manor, Rest Harbor Extended Care Center, Inc.,
Portland Adventist Convalescent Center,
Cascade Terrace Nursing Center, Glisan Care Center,
King City Rehabilitation and Living Center,
Town Center Village Rehab, Friendship Health Center,
Crestview Convalescent Center, Del's Care Center,
Laurelhurst Care Center,
Mountain View Rehabilitation and Living Center,
*Petitioners,*

*v.*

## HEALTH DIVISION,
Jill D. Laney, Hearing Officer,
Providence Medical Center and
Oregon Association of Hospitals & Health Systems,
*Respondents.*

(CN623; CA A90734)

941 P2d 593

Gary P. Harrell, Robert C. Dougherty, Harrell & Nester, LLP, Thomas W. Sondag and Lane Powell Spears Lubersky for motion and reply.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Michael D. Reynolds, Assistant Attorney General, for response.

LANDAU, J.

Deits, J., dissenting.

## LANDAU, J.

Petitioners Oregon Health Care Association (OHCA) and its member facilities move for a determination that this court has jurisdiction to review orders of respondent Health Division denying motions to quash a subpoena duces tecum issued in a contested case proceeding. Petitioners contend that, because the order challenged on review was issued in a contested case proceeding, jurisdiction lies in this court pursuant to ORS 183.482(1), which confers on the Court of Appeals jurisdiction for "review of contested cases." Respondent Health Division contends that, because the order was not issued at the conclusion of a contested case, jurisdiction lies in the Marion County Circuit Court pursuant to ORS 183.484(1), which confers on that court jurisdiction for review of "orders other than contested cases." We grant petitioners' motion and conclude that this court has jurisdiction to review the challenged Health Division orders.

Providence Medical Center applied for a certificate of need to establish a skilled nursing facility. The Health Division issued the certificate. OHCA sought reconsideration of the issuance of the certificate. The individual member facilities, however, did not appear as petitioners. When the Health Division issued subpoenas duces tecum against the individual members, they moved to quash the subpoenas. After a hearing, the Health Division modified the subpoenas and denied the motions to quash. Petitioners then petitioned for judicial review and filed the motion now before us.

The Oregon Administrative Procedure Act (APA) defines the jurisdiction of the courts to review orders generated in either of two categories of administrative proceedings. First, ORS 183.482(1) provides that

"[j]urisdiction for judicial review of contested cases is conferred upon the Court of Appeals."

The statute then details the procedure by which the jurisdiction of the Court of Appeals may be invoked to review contested cases. ORS 183.482(2) through (8). Second, ORS 183.484(1) provides that jurisdiction for judicial review of all other administrative agency orders, that is, for "orders other

than contested cases," is conferred upon one or more circuit courts. The statute then details the procedure by which the jurisdiction of the circuit courts may be invoked to review orders other than contested cases. ORS 183.484(2) through (5).[1]

■ It bears emphasis that, in both instances, the statutes define the jurisdiction of the courts in terms of categories of cases: contested and noncontested. *See, e.g., Hay v. Dept. of Transportation*, 301 Or 129, 136, 719 P2d 860 (1986) (describing jurisdiction to review agency orders as depending on whether proceeding is contested or noncontested); *Patton v. St. Bd. of Higher Ed.*, 293 Or 363, 366, 647 P2d 931 (1982) ("[t]he Court of Appeals has jurisdiction if a proceeding meets the definition of a 'contested case' under any part of ORS 183.310(2)"); *see also generally* Barbara J. Safriet, *Judicial Review of Government Action: Procedural Quandaries and a Plea for Legislative Reform*, 15 Envtl L 217, 222 (1985) (jurisdiction under the Oregon APA is "category-dependent"). The statutes do not define the jurisdiction of the courts by reference to the particular types of orders that may be generated within each category of case. To the contrary, the statutes expressly contemplate that a variety of types of orders may be generated in any given proceeding. For example, ORS 183.482 repeatedly refers to jurisdiction to "review a contested case," not to review a particular type of order within a contested case. *See* ORS 183.482(1) ("jurisdiction for judicial review of contested cases"); ORS 183.482(5) ("review of a contested case"); ORS 183.482(7) ("[r]eview of a contested case"). The same statute requires that all petitions for judicial review of contested cases "state the nature of the order the petitioner desires reviewed," expressing the assumption that more than one type of order generated within a contested case is subject to the court's jurisdiction. ORS 183.482(2). The statutory definition of "contested case" itself confirms that fact. It includes proceedings at which proposed, intermediate

---

[1] Arguably, there is a third category of administrative review concerning an agency's unlawful refusal to act or make a decision or unreasonably delaying in doing either. The APA authorizes the Court of Appeals to review such agency *in*action. ORS 183.490. *See Mendieta v. Division of State Lands*, 148 Or App 586, 598, 941 P2d 582 (1997) (ORS 183.490 authorizes judicial review of agency inaction).

or final orders are prepared by an agency or hearings officer. ORS 183.415(11)(h). In short, nothing in the language of that statute expresses any limitation on the *jurisdiction* of this court to review only final orders issued at the completion of a contested case.

■     The APA further defines the types of orders over which the courts may exercise their jurisdiction, whether those orders are generated in a contested or a noncontested case. ORS 183.480(3) provides that, as a general rule, only *final* orders are subject to judicial review:

> "No action or suit shall be maintained as to the validity of any agency order except a final order as provided in this section and ORS 183.482, 183.484, 183.490 and 183.500 * * *."[2]

The same provision then describes two exceptions to that general rule. First, the courts may review something other than a final agency order "upon showing that the agency is proceeding without probable cause." ORS 183.480(3). Second, the courts may review something other than a final agency order if "the party [petitioning for review] will suffer substantial and irreparable harm if interlocutory relief is not granted." ORS 183.480(3). That the exceptions to the general rule apply regardless of the category of administrative proceeding is demonstrated by the language of the statute itself; the exception clause immediately follows—as part of the same sentence—the statutory reference to review of cases "as provided in" both ORS 183.482, regarding contested cases, and ORS 183.484, regarding orders other than contested cases.

That is, in fact, the way the statute has been read for many years. In *Lane Council Govts v. Emp. Assn.*, 277 Or 631, 561 P2d 1012 (1977), for example, the Supreme Court reviewed an interlocutory order issued in a contested case that first was reviewed by this court. The Supreme Court ultimately disposed of the case on the ground that the petitioners had failed to satisfy the substantive requirements of ORS 183.480(3) itself, that is, on the grounds that "there was

---

[2] ORS 183.500 provides for appeal to this court of any matter reviewed by the circuit courts.

no showing of 'substantial and irreparable harm' of the kind and degree necessary to require judicial review of an order under ORS 183.480(3)" and that the agency was not proceeding without "probable cause." *Lane Council Govts*, 277 Or at 638. The point remains that the court did entertain the petition and said that, upon the proper showing under ORS 183.480(3), appellate courts *are* required to review interlocutory orders in contested cases.

■ We have construed the statute in the same manner. For example, in *Shepherd v. OLCC*, 81 Or App 201, 724 P2d 901 (1986), the petitioner—itself a state agency—sought interlocutory review of an order of the Employment Relations Board (ERB) in a contested case. Writing for a unanimous court, Judge Buttler explained:

> "Until ERB issues a final order * * * judicial review would be premature [under ORS 183.480(1)] *unless interlocutory review is authorized under ORS 183.480(3)* * * *."

*Id.* at 204 (emphasis supplied). In other words, if the petitioner can satisfy the requirements of ORS 183.480(3), we do have authority to review an interlocutory order in a contested case.

There is *dictum* in a decision of this court that fairly suggests a contrary conclusion. In *Bay River v. Envir. Quality Comm.*, 26 Or App 717, 554 P2d 620 (1976), it was suggested that, if an order

> "is at the culmination of a contested case hearing, appeal is to this court; if the order is made in any other context, appeal is to the circuit court."

*Id.* at 721. That decision, however, did not involve review of an order that arose during a contested case, and the quoted statement was in no way necessary to the disposition of the issues before the court. To the extent that the *dictum* in *Bay River* conflicts with this and prior cases, that *dictum* must be regarded as incorrect.

From the foregoing, it is apparent that, although we have jurisdiction to review contested cases, and not merely particular types of orders generated within contested cases, the general rule is that we may exercise that jurisdiction only as to final orders entered at the conclusion of a contested

case. There are only two exceptions to that general rule, as delineated in ORS 183.480(3): nonfinal orders that cause a petitioner "substantial and irreparable harm" and other agency action "without probable cause."

■ Turning to the particulars of this case, we first must determine whether we have jurisdiction to review the type of case before us and, if so, whether the particular order generated within that proceeding is a type that may be reviewed. As to the first question, no one suggests that the certificate of need proceeding in which the subpoenas were issued is not a contested case. Reconsideration of orders granting certificates of need are, in fact, contested case proceedings. "Contested cases" include agency proceedings

> "[w]here the agency by rule or order provides for hearings substantially of the character required by ORS 183.415, 183.425, 183.450, 183.460 and 183.470 [describing proceedings]."

ORS 183.310(2)(a)(D). In this case, the agency provides for hearings substantially of the character required by the statutes mentioned in ORS 183.310(2)(a)(D). *See generally* OAR 333-670-000 through OAR 333-670-280. Moreover, OAR 333-545-020(25) defines Health Division reconsideration hearings, which include certificate of need reconsideration hearings, as "contested case hearing[s] held pursuant to ORS Chapter 183." Thus, we have jurisdiction to review this case. As to the second question, petitioners have alleged that the subpoenas, if enforced, would cause OHCA and its member facilities "substantial and irreparable harm if interlocutory relief is not granted," and the Health Division does not dispute that allegation. Accordingly, review of the Health Division's denial of the motions to quash the subpoenas is properly before this court.

The dissent contends that we err in arriving at this conclusion. It grounds its contentions on two assertions: first, that the APA allows interlocutory review of orders in contested cases only before circuit courts and, second, even if that is not so, that petitioners in this case have failed to establish the substantial harm that is a condition of judicial review of interlocutory orders. We address each of those contentions in turn.

The dissent's assertion that the APA does not authorize this court to review interlocutory orders in contested cases is defeated by reference to the language of the statute itself:

> "No action or suit shall be maintained as to the validity of any agency order except a final order *as provided in this section and ORS 183.482* [authorizing the Court of Appeals to review contested cases], * * * or except upon showing that * * * the party will suffer substantial and irreparable harm if interlocutory relief is not granted."

ORS 183.480(3). The exception for review of interlocutory orders expressly applies to review of contested cases by this court.[3]

■  The dissent also complains that allowing this court to review interlocutory orders requires an appellate court to act like a factfinding trial court. That is simply incorrect. As an appellate court, we review on the basis of the record before us, even in the case of petitions to review interlocutory orders. If the record is incomplete, and the parties wish to supplement it, the statutes expressly provide a mechanism for returning the matter to the agency and supplementing the record. ORS 183.482(5).[4] Or, in the alternative, in the

---

[3] We have considered other possibilities, but we are able to identify no other plausible construction of ORS 183.480(3). We have considered, in particular, the fact that the statute begins with the phrase "[n]o action or suit shall be maintained," which—at least by itself—could suggest that the prohibition and exceptions that follow it are limited to "actions" or "suits" as opposed to petitions for judicial review. The suggestion fails, however, in the face of the balance of the sentence, which explicitly refers to the "action" or "suit" being maintained "as provided in" ORS 183.482 and ORS 183.484. Clearly, the legislature did not intend "action" or "suit" to mean something different from judicial review, because it expressly defined those words by reference to the judicial review statutes.

[4] ORS 183.482(5) provides:

"If, on review of a contested case, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good and substantial reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon such conditions as the court deems proper. The agency may modify its findings and order by reason of the additional evidence and shall, within a time to be fixed by the court, file with the reviewing court, to become a part of the record, the additional evidence, together with any modifications or new findings or orders, or its certificate that it elects to stand on its original findings and order, as the case may be."

case of "disputed allegations of irregularities in procedure before the agency," the statutes expressly authorize this court to refer the allegations to a Master, who may take evidence and make findings of fact. ORS 183.482(7).[5]

The dissent's alternative argument—that, at all events, petitioners in this case will not be substantially harmed—is equally flawed. According to the dissent, because ORS 183.440 provides an alternative remedy, petitioners will not be irreparably harmed as a matter of law. That statute, however, affords no relief to petitioners in this case. It provides that an agency may issue subpoenas to any party to a contested case and gives the agency a remedy if the subpoenaed party refuses or fails to comply:

> "If any person fails to comply with any subpoena [issued by an agency in a contested case] * * * the judge of the circuit court of any county, on the application of the agency or of a designated representative of the agency or of the party requesting the issuance of or issuing the subpoena, shall compel obedience by proceedings for contempt as in the case of disobedience of the requirements of a subpoena issued from such court or a refusal to testify therein."

ORS 183.440(2). In this case, petitioners did not fail to comply with any subpoena, and the Health Division did not initiate a contempt action to compel obedience.

■     The dissent insists that the remedy *would* be available if only petitioners *would* disobey the subpoena and thereby force the Health Division to bring a contempt action under that statute. In support of its assertion, the dissent relies on a case in which we held that a party could seek review of an administrative subpoena either through a writ

---

[5] ORS 183.482(7) provides:

"Review of a contested case shall be confined to the record, the court shall not substitute its judgment for that of the agency as to any issue of fact or agency discretion. In the case of disputed allegations of irregularities in procedure before the agency not shown in the record which, if proved, would warrant reversal or remand, the Court of Appeals may refer the allegations to a Master appointed by the court to take evidence and make findings of fact upon them. The court shall remand the order for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure."

of prohibition or a contempt proceeding. *School Dist. No. 1 v. Nilsen,* 7 Or App 396, 490 P2d 1265 (1971), *rev'd* 262 Or 559, 499 P2d 1309 (1972). The argument merely states the obvious. Of course, a party *may* refuse to comply with a subpoena and then risk the consequences. It is quite another matter to say that a party wishing in good faith to challenge the validity of an administrative subpoena *must* disobey it and subject itself to contempt proceedings. We are aware of no statute, rule or case that says that.

We conclude that the APA confers jurisdiction on this court to review the orders challenged in petitioners' petition for review.

Motion to determine jurisdiction granted; jurisdiction determined to be in the Court of Appeals.

**DEITS, J.,** dissenting.

This case involves a routine discovery dispute of the kind that circuit courts consider and resolve every day. The relevant statutes provide a method for a circuit court to resolve it. The majority holds, nevertheless, that, because *this* dispute is part of an ongoing contested case proceeding before an administrative agency, petitioner may bring it to this court for resolution. As a result of the majority's decision, the parties must now follow formal appellate procedures rather than the relatively informal give and take that characterizes circuit court consideration of discovery issues and that often leads to a solution that all parties can accept. Under appellate procedures, the parties must file formal briefs and will need to argue their positions to a panel of three judges. That panel may write a published opinion and will certainly do so for any disposition other than affirming the agency's order. Until this court acts, the contested case hearing that gave rise to this dispute will remain in limbo.

The issues that this court must decide as a result of the majority's decision may require taking evidence on disputed factual issues and designing and entering an appropriate protective order. Those are things that are beyond the normal scope of an appellate court's activities. Under the majority's view, we will have to apply appellate procedures and time schedules, which are collegial, deliberative, and

designed for reaching decisions based on an existing record, to a decision that requires speed, flexibility, and the capability to take evidence, characteristics that are among the strengths of a trial court. We should not lightly decide that the legislature has allowed petitioner to require this court to take on a role for which it is poorly suited. In fact, the relevant statutes show that the legislature intended disputes of this nature to go to the circuit courts for decision and that it provided a specific procedure for the parties and the circuit courts to follow. In my view, the majority approach is not required by the applicable statutes and is not the best answer to this question. This matter belongs in circuit court.

The first issue is the relationship between the two methods that the legislature has provided for reviewing administrative decisions. In construing the relevant provisions of the Administrative Procedures Act (APA), the majority looks at certain isolated words and phrases rather than considering the structure of the act as a whole. The foundation of that structure begins with ORS 183.480, which provides, in pertinent part:

> "(1)   Any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of *a final order*, whether such order is affirmative or negative in form. * * *
>
> "* * * * *
>
> "(3)   No action or suit shall be maintained as to the validity of any agency order *except a final order* as provided in this section and ORS 183.482, 183.484, 183.490 and 183.500 or except upon showing that the agency is *proceeding without probable cause*, or that the party will suffer *substantial and irreparable harm* if interlocutory relief is not granted." (Emphasis supplied.)

This statute makes it clear that the primary requirement for judicial review of agency action is that the agency have finished acting: There must be a final order, which is "final agency action expressed in writing." ORS 183.310(5)(b). The statute allows review of an interlocutory order only under exceptional circumstances.[1]

---

[1] ORS 183.480(3), indeed, is written as a limitation on, rather than a grant of, jurisdiction to determine the validity of interlocutory orders. However, *dictum* in a

This requirement of finality provides the context for evaluating the two methods that chapter 183 provides for reviewing agency orders. The essential distinction between those methods is which court has jurisdiction to review; the distinction between the courts is based on the functions that each is best suited to fill. ORS 183.482(1) confers jurisdiction for "judicial review of contested cases" on the Court of Appeals. Review under ORS 183.482 is on the record; there is no provision for taking additional evidence or making findings on the substantive issues. Rather, if an evidentiary issue arises, we may remand the case to the agency to take additional evidence and to make any modifications to its findings that it considers proper. ORS 183.482(5).[2]

Although ORS 183.482 does not expressly limit review to final orders, that conclusion is implicit in every aspect of the statute. Jurisdiction is over the entire case, not some preliminary part of it. A petition for review must be filed "within 60 days only following the date the order upon which the petition is based is served"; the date of service is "the date on which the agency delivered or mailed its order in accordance with ORS 183.470." ORS 183.482(1). A final order is the only kind of order that ORS 183.470 requires the agency to deliver or mail, ORS 183.470(3), and it is the only kind of order that must include a citation of the statutes under which the order may be appealed. ORS 183.470(4). The provisions for staying an agency order are relevant only to an order that expresses final agency action and thus is final. *See* ORS 183.482(3). The formal requirements for a petition for review assume that the administrative proceeding is concluded, which for a contested case means the entry of a final order. Thus, the petition must state "whether the petitioner *was* a party to the administrative proceeding, *was* denied status as a party" or is otherwise adversely affected or aggrieved. ORS 183.482(2) (emphasis supplied).

---

number of cases treats it as a grant of jurisdiction and for the purposes of this dissent I accept that construction.

[2] The only exception concerns allegations of procedural irregularities before the agency; we may refer those allegations to a special master and make appropriate findings. However, if we conclude that irregularities may have affected the fairness of the proceedings or the correctness of the action, we do not act ourselves but rather remand the case for further agency action. ORS 183.482(7).

In short, the structure of ORS 183.482 is for review on the record of final orders. It does not fit the requirements for reviewing interlocutory orders in ongoing proceedings. In contrast, ORS 183.484 is carefully designed for the review of interlocutory orders as well as of final orders in noncontested cases. It grants jurisdiction for review of "orders" rather than of entire cases. ORS 183.484(1). The petition must include "facts showing how the petitioner *is* adversely affected or aggrieved" by the order, ORS 183.484(3) (emphasis supplied), a phrase that is not limited to a completed proceeding. The court is to conduct the judicial review as a proceeding without a jury, ORS 183.484(3). Unlike ORS 183.482(4), there is no express provision for the agency even to submit an administrative record. Rather, if the court reverses the agency decision it shall "make special findings of fact based upon the evidence in the record," ORS 183.484(5), which necessarily may include evidence that the court took during the course of the review. That is, the court, rather than the agency, may make the record and find the relevant facts. The purpose of circuit court review, thus, is to place the decision of questions that may require additional evidence and factual resolution in a court that is equipped to take that evidence and resolve those questions.

In *Bay River v. Envir. Quality Comm.*, 26 Or App 717, 721, 554 P2d 620, *rev den* 276 Or 555 (1976), we summarized the effect of ORS 183.482 and ORS 183.484 by stating that if an administrative order "is at the culmination of a contested case hearing, appeal [*sic*] is to this court; *if the order is made in any other context*, appeal [*sic*] is to the circuit court." As this analysis of the structure of the statutes shows, that statement was correct. The provision in ORS 183.482(1) conferring jurisdiction "for judicial review of contested cases" on this court, thus, means jurisdiction over the entire case, and the court cannot have that jurisdiction until the case is concluded by the issuance of a final order.

The cases on which the majority relies do not affect this conclusion. In *Hay v. Dept. of Transportation*, 301 Or 129, 136, 719 P2d 860 (1986), the issue was whether the plaintiffs could challenge an administrative rule in a civil action in circuit court. The Supreme Court did not need to

consider the issue before us in its passing discussion of the distinction between ORS 183.482 and ORS 183.484. *Patton v. St. Bd. Higher Ed.*, 293 Or 363, 366, 647 P2d 931 (1982), involved whether a final order placing a student on mandatory medical leave was the product of a proceeding that should have been a contested case. Neither of these cases decides that this court, rather than the circuit court, has jurisdiction to review an interlocutory order in a contested case.

Even if ORS 183.480(3) might otherwise give this court jurisdiction to review interlocutory orders in a contested case, petitioners have failed show that they will suffer the substantial and irreparable harm that the statute requires[3] because there is a remedy available to them other than direct review by this court of the agency order. ORS 183.440 establishes a procedure by which a circuit court can resolve disputes over agency subpoenas, thus providing an adequate alternative to interlocutory judicial review. ORS 183.440(2) provides the means for enforcing administrative subpoenas: "If any person fails to comply with any subpoena so issued * * * the judge of the circuit court of any county, on the application of the agency * * * or of the party * * * *shall compel obedience by proceedings for contempt* as in the case of disobedience of the requirements of a subpoena issued from such court * * *." (Emphasis supplied.)

The majority states that ORS 183.440 does not provide an adequate remedy to petitioners because it does not create a method to obtain a declaratory ruling as to the validity of the subpoena. It treats the statute as merely providing a method for enforcing an administrative subpoena. The majority fails to recognize that refusing to comply with a subpoena in order to obtain a ruling on its validity is a normal and accepted practice that is available to petitioners under this statute. It is the simplest and most effective way to move the issue out of the agency and bring it before a court. We essentially held as much in *School Dist. No. 1 v. Nilsen*, 7 Or App 396, 490 P2d 1265 (1971), *rev'd* 262 Or 559, 499 P2d 1309 (1972). In that case, the subpoenaed party sought a writ

---

[3] Petitioners do not assert that the agency is proceeding without probable cause.

of prohibition against enforcement of a subpoena duces tecum that the Commissioner of the Bureau of Labor had issued during the course of a contested case proceeding. As in this case, the subpoenaed party asserted that the subpoena was invalid and overbroad. Although we affirmed the trial court's issuance of the writ, we noted that the subpoenaed party did have an alternative remedy to avoid the harm involved in complying with the subpoena, "namely, to refuse to obey the subpoena and force the Commissioner to seek judicial enforcement through contempt." *School Dist. No. 1*, 7 Or App at 410. We stated that the usual practice to enforce an administrative subpoena is "for the petitioned court to hold a show-cause hearing on whether respondent should be held in contempt." *Id.* at 410 n 7.

The dissent in *School Dist. No. 1*, believing itself to be in agreement with the majority on this point, emphasized that the school district had an adequate remedy at law by refusing to obey the subpoena and requiring the Commissioner to bring an enforcement proceeding under ORS 183.440. It pointed out that "[a]n evidentiary hearing is the proper and usual procedure to thresh out disputes as to the permissible scope of a subpoena duces tecum." *School Dist. No. 1*, 7 Or App at 413. In reversing our decision, the Supreme Court discouraged the use of a writ of prohibition to test the scope of an administrative subpoena, pointing out the delays that that procedure necessarily involved. *School Dist. No. 1, Mult. Co. v. Nilsen*, 262 Or 559, 571-72, 499 P2d 1309 (1972). Its action did not question our discussion of the alternative remedy of a contempt action.

These opinions, at the least, strongly suggest that ORS 183.440 provides the sole procedure for testing the scope of an administrative subpoena. In this context, ORS 183.480(3) is comparable to the writ of prohibition in *School Dist. No. 1*, while ORS 183.440 continues to provide the alternative remedy that we described in 1972.

Recent cases involving the appealability of trial court decisions illustrate the appropriate use of contempt proceedings to challenge orders requiring the production of information. The Supreme Court has made it clear that a person who is held in contempt may challenge the merits of the

underlying order when there is no other practical way to do so, by appeal, mandamus, or otherwise. *State v. Crenshaw*, 307 Or 160, 167-68, 764 P2d 1372 (1988).

The court has also shown that, for practical purposes, the effect of a finding of contempt in these circumstances is simply to provide an appealable judgment. There will be no other consequences if the person complies with the the ultimate decision. Thus, when the person has no practical opportunity to challenge the order before complying or refusing to comply, and the order is erroneous, the judgment of contempt should be set aside. *State v. Keenan / Waller*, 307 Or 515, 518, 771 P2d 244 (1989). If the court upholds the challenged order, the judgment of contempt should be vacated upon compliance.[4] *Id*. at 524 (Gillette, J., concurring).

The most recent case on this question is also the most directly on point. In *Dept. of Rev. v. Universal Foods Corp.*, 311 Or 537, 815 P2d 1237 (1991), the Supreme Court held that it had no jurisdiction over a direct appeal from a Tax Court order enforcing an administrative subpoena against a corporation. In *Dept. of Rev. v. Universal Foods Corp.*, 318 Or 78, 862 P2d 1288 (1993), it thereafter held that the corporation could challenge the validity of the Tax Court order by allowing itself to be held in contempt for refusing to comply and appealing the subsequent judgment. The defendants showed that they had no practical opportunity to challenge the order before complying and that the disclosure involved in compliance would itself constitute irremedial harm. *Id*. at 85.

Oregon law thus contemplates the use of contempt proceedings as a proper method to challenge the validity of trial court discovery orders. By refusing to comply with the challenged subpoenas and requiring respondent to seek enforcement under ORS 183.440(2), petitioners can obtain a judicial determination of the validity of the subpoenas and

---

[4] This approach is consistent with federal law. Thus, the proper method for an attorney to challenge a federal subpoena requiring the attorney to surrender client documents is to refuse to comply. An appeal of the resulting contempt judgment for refusal to comply "is both the statutory way and the orderly way to bring a question of this character before the court of appeals." *United States v. Lowthian*, 575 F2d 1292, 1293 (9th Cir 1978).

the trial court will be able to make appropriate modifications and enter an appropriate protective order if those actions prove necessary. We would review any appeal from that decision over which we had jurisdiction on the record made in the trial court. In my view, because this alternative is available, petitioners cannot show the substantial and irreparable harm that is necessary to jurisdiction under ORS 183.480(3).

For these reasons, I respectfully dissent.

Warren, Riggs and De Muniz, JJ., join in this dissent.