Argued and submitted September 9, 1998, decision of Court of Appeals reversed;
petition for judicial review dismissed December 3, 1999

# OREGON HEALTH CARE ASSOCIATION,
Care Center East Health & Specialty Care,
Fernhill Manor,
Rest Harbor Extended Care Center, Inc.,
Portland Adventist Convalescent Center,
Glisan Care Center,
King City Rehabilitation and Living Center,
Town Center Village Rehab,
Friendship Health Center,
Crestview Convalescent Center,
Del's Care Center,
Laurelhurst Care Center, and
Mountain View Rehabilitation and Living Center,
*Respondents on Review,*

*v.*

HEALTH DIVISION,
*Petitioner on Review,*

*and*

Jill D. LANEY,
Hearing Officer,
Providence Medical Center and
Oregon Association of Hospitals
& Health Systems,
*Respondents.*

(CN 623; CA A90734; SC S44474)

992 P2d 434

Philip Schradle, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the briefs were Hardy Myers, Attorney General, Virginia L. Linder and Michael D. Reynolds, Solicitors General, and Robert B. Rocklin, Assistant Attorney General.

Thomas William Sondag, Lane Powell Spears Lubersky, LLP, Portland, argued the cause for respondents on review. With him on the briefs were Gary P. Harrell and Robert C. Dougherty, Harrell & Nester, LLP, Portland.

Before Carson, Chief Justice, Van Hoomissen and Durham, Justices, and Wollheim, Justice Pro Tempore.**

DURHAM, J.

---

** Gillette, Kulongoski, Leeson, and Riggs, JJ., did not participate in the consideration or decision of this case.

## DURHAM, J.

The Health Division seeks judicial review of a Court of Appeals' determination that ORS 183.482(1), which concerns judicial review of a contested case, authorizes that court to review certain nonfinal orders issued during a contested case. *Oregon Health Care Assn. v. Health Div.*, 148 Or App 568, 941 P2d 593 (1997). We conclude that neither ORS 183.482(1) nor any other statute authorizes the Court of Appeals to review the orders at issue here. Accordingly, we reverse the decision of the Court of Appeals and dismiss the petition for judicial review.

The pertinent facts are not in dispute. The Health Division granted the application of Providence Medical Center (Providence) for a Certificate of Need to establish a skilled nursing facility. Oregon Health Care Association (the Association) represents a number of health care facilities (hereinafter members) in the area.[1] We refer to the Association and its members in this opinion collectively as "OHCA." The Association, but not the members, sought a reconsideration hearing before the Health Division under ORS 442.315(5)(b), which provides for "a reconsideration hearing pursuant to ORS 183.310 to 183.550." A reconsideration hearing under ORS 442.315(5)(b) is a "contested case" for purposes of the Administrative Procedures Act (APA), ORS 183.310 to ORS 183.550.[2] During the reconsideration proceeding, the Health Division hearings officer authorized Providence to serve subpoenas *duces tecum* on the members. Each of the members

---

[1] The members are the other petitioners in this case.

[2] ORS 183.310(2)(a) provides:

" 'Contested case' means a proceeding before an agency:

"(A) In which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard;

"(B) Where the agency has discretion to suspend or revoke a right or privilege of a person;

"(C) For the suspension, revocation or refusal to renew or issue a license where the licensee or applicant for a license demands such hearing; or

"(D) Where the agency by rule or order provides for hearings substantially of the character required by ORS 183.415, 183.425, 183.450; 183.460 and 183.470."

moved to quash the subpoenas. After a hearing, the hearings officer issued orders modifying the subpoenas and denying the motions to quash.

OHCA sought judicial review of the hearings officer's orders in the Court of Appeals under ORS 183.482(1). That statute provides, in part:

> "Jurisdiction for judicial review of contested cases is conferred upon the Court of Appeals. Proceedings for review shall be instituted by filing a petition in the Court of Appeals. The petition shall be filed within 60 days only following the date the order upon which the petition is based is served unless otherwise provided by statute."

OHCA also filed a petition in Marion County Circuit Court seeking review of the orders under ORS 183.484(1). That statute provides:

> "Jurisdiction for judicial review of orders other than contested cases is conferred upon the Circuit Court for Marion County and upon the circuit court for the county in which the petitioner resides or has a principal business office. Proceedings for review under this section shall be instituted by filing a petition in the Circuit Court for Marion County or the circuit court for the county in which the petitioner resides or has a principal business office."

OHCA claimed in the petitions that the modified subpoenas required the members to produce voluminous records, including patient medical records and other records that constitute trade secrets.

OHCA then moved the Court of Appeals for a determination whether the proper forum for judicial review of the orders was the Court of Appeals or the circuit court. OHCA asserted that two statutes authorized the Court of Appeals to review the orders. First, OHCA contended that ORS 183.480(3) allows a party to maintain an "action or suit" to review an agency's nonfinal orders on a showing that "the party will suffer substantial and irreparable harm if interlocutory relief is not granted." ORS 183.480 provides, in part:

> "(1)  Except as provided in ORS 183.415(5)(b) [regarding an informal disposition of a contested case], any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final

order, whether such order is affirmative or negative in form. A petition for rehearing or reconsideration need not be filed as a condition of judicial review unless specifically otherwise provided by statute or agency rule.

"(2)   Judicial review of final orders of agencies shall be solely as provided by ORS 183.482, 183.484, 183.490 and 183.500.

"(3)   No action or suit shall be maintained as to the validity of any agency order except a final order as provided in this section and ORS 183.482, 183.484, 183.490 and 183.500 or except upon showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if interlocutory relief is not granted."

Second, OHCA contended that, because the orders were issued during a contested case, the Court of Appeals had jurisdiction to review the orders under ORS 183.482(1). The Health Division responded that, because the orders were not final, the circuit court, not the Court of Appeals, had authority to review them.

The Court of Appeals determined that it had jurisdiction to review the orders because they were generated during a contested case and because OHCA alleged that the subpoenas, if enforced, would cause substantial and irreparable harm. The Health Division petitioned this court for review of the Court of Appeals' decision.

■      As a preliminary matter, OHCA asserts that the Court of Appeals' order in this case is not a "decision" reviewable by this court under ORS 2.520, which permits aggrieved parties to seek Supreme Court review of a "decision of the Court of Appeals." OHCA cites *Tjernlund and Tjernlund*, 275 Or 483, 485, 551 P2d 445 (1976), in which this court held that an order of the Court of Appeals denying a motion to dismiss in a domestic relations case was not reviewable, because it was not a final disposition of the case. OHCA correctly notes that this court has allowed review of Court of Appeals' orders that do not dispose of a case finally, if the case "involve[s] issues of sufficient public importance to justify this court's consideration before the Court of Appeals has an opportunity to decide the underlying appeal on the merits." *Garganese v.*

*Dept. of Justice*, 318 Or 181, 185, 864 P2d 364 (1993); *Oregon Peaceworks Green, PAC v. Sec. of State*, 311 Or 267, 270 n 2, 810 P2d 836 (1991) (same). OHCA argues, however, that this case does not present an issue of sufficient public importance to justify review by this court. That argument is not well taken.

In *Oregon Business Planning Council v. LCDC*, 290 Or 741, 626 P2d 350 (1981), this court reviewed a decision of the Court of Appeals in which that court concluded that it had jurisdiction under ORS 183.482 to review orders of the Land Conservation and Development Commission (LCDC) "acknowledging" various local government land use plans to be in compliance with statewide planning goals. Despite the fact that the Court of Appeals' opinion was not a final "decision" in the matter, this court allowed review. The court concluded that, because the Court of Appeals "undertook to *decide* important questions relating to the scope of review of LCDC orders," *id.* at 744 n 5 (emphasis in original), the case presented an issue of public importance and, therefore, ORS 2.520 authorized Supreme Court review. The Court of Appeals' conclusion in the present case, that it has authority to review a nonfinal agency order issued during a contested case, is an issue of public importance to the same extent that the Court of Appeals' conclusion regarding its jurisdiction in *Oregon Business Planning Commission* was an issue of public importance that justified review by this court. The decision of the Court of Appeals here is subject to Supreme Court review under ORS 2.520.

■■  We turn to the merits. Whether Oregon law authorizes the Court of Appeals to review the hearings officer's nonfinal orders is a question of statutory interpretation. In interpreting the statutes that pertain to the authority of the Court of Appeals, we first examine the statutory text and context. If that examination reveals the legislature's intent, then we proceed no further. See *Jones v. General Motors Corp.*, 325 Or 404, 411-15, 939 P2d 608 (1997) (applying that methodology).

ORS 183.480 identifies the complete range of permissible bases for challenging in Oregon courts the decisions of an agency to which the APA applies. ORS 183.480(1) entitles a qualified person or party to petition for "judicial review

of a final order * * *." ORS 183.480(2) confines judicial review of a final agency order to the forums and within the parameters prescribed in ORS 183.482, 183.484, 183.490 and 183.500.

ORS 183.480(3) prohibits the maintenance of any action or suit regarding the validity of *any* agency order, unless one of three exceptions applies. The first exception is a proceeding for judicial review of a "final" order as provided in "this section," *i.e.*, in ORS 183.480, and in ORS 183.482, ORS 183.484, ORS 183.490, and ORS 183.500. The second exception is a proceeding in which the party challenging the agency order makes a "showing that the agency is proceeding without probable cause." The third exception is a proceeding in which the party challenging the agency order makes a showing "that the party will suffer substantial and irreparable harm if interlocutory relief is not granted."[3]

OHCA argues that ORS 183.482(1) creates jurisdiction in the Court of Appeals for judicial review of nonfinal orders arising out of contested cases and that ORS 183.484(1) creates jurisdiction in the circuit court for judicial review of nonfinal orders in other than contested cases. OHCA concludes that, because the nonfinal orders under review here arose out of a contested case, the Court of Appeals is the appropriate forum for judicial review of those orders.

In discerning the legislature's intent, we examine all the pertinent statutes together in context and do not focus our attention only on parts of the statutory scheme. It is true that ORS 183.482(1) and ORS 183.484(1) bifurcate the categories of agency proceedings that are subject to judicial review. ORS 183.482(1) confers "[j]urisdiction for judicial review of contested cases * * * upon the Court of Appeals." ORS 183.484(1) confers "[j]urisdiction for judicial review of orders other than contested cases * * *" on the circuit court. However, in describing the authority of the Court of Appeals and the circuit court to review an agency order, neither ORS

---

[3] ORS 183.480(3) does not identify expressly the persons who may make the showing described in the second exception. However, a "party" may make the showing described in the third exception. The pertinent statutory definition of "party" appears in ORS 183.310(6).

183.482(1) nor ORS 183.484(1) state whether the order being reviewed must be final or may be nonfinal.

■ ORS 183.480 clarifies that point. ORS 183.480(1) entitles a qualified person to judicial review of a final order only. ORS 183.480(2) confines judicial review of a final order to the rules specified in ORS 183.482, ORS 183.484, ORS 183.490, and ORS 183.500. The first exception stated in ORS 183.480(3) forbids any challenge to "any agency order *except* a final order as provided in this section and ORS 183.482, 183.484, 183.490 and 183.500."[4] (Emphasis added.) Those are the only references to judicial review in ORS 183.480. Each reference supports the conclusion that the basis for judicial review by any court of any agency order is a petition for judicial review of a *final order*.

The Court of Appeals interpreted the phrase "any agency order" in ORS 183.480(3) to refer to nonfinal as well as final orders. We agree. However, it then concluded that the phrase "in this section" incorporated the second and third exceptions, as described above, and made those challenges available as grounds for judicial review of nonfinal orders. We reject that reading because, according to the statutory text, the first exception applies only to "a final order," and the phrase "as provided in this section" refers only to the process for challenging a final order described in ORS 183.480—specifically, judicial review. The phrase "final order" in the first exception makes that exception inapplicable to a challenge to a nonfinal order.

The foregoing discussion leads us to a tentative conclusion that, under ORS 183.480(3), a final order is the predicate for judicial review. However, OHCA urges us to reject that conclusion because the second and third exceptions in

---

[4] ORS 183.490 provides:

"The court may, upon petition as described in ORS 183.484, compel an agency to act where it has unlawfully refused to act or make a decision or unreasonably delayed taking action or making a decision."

ORS 183.500 authorizes a party in a circuit court proceeding to "appeal from the decree of that court to the Court of Appeals." Those statutes shed little light on the question whether the Court of Appeals has authority to address a petition for judicial review of a nonfinal order under ORS 183.482.

ORS 183.480(3), unlike the first exception, apply to challenges to "any agency order," not only to a final order. According to OHCA, a person or party is entitled to make the showings identified in the second and third exceptions at any time following issuance of the agency's order, including during a judicial review proceeding. For the reasons that follow, we reject that interpretation.

The legislature set out the second and third exceptions in ORS 183.480(3) in a separate clause that, by contrast with the clause that contains the first exception, does not cite or refer to the statutes governing judicial review. That format indicates that the second and third exceptions describe complaints about agency action that do not invoke a court's jurisdiction for judicial review.

Other textual clues confirm that construction. ORS 183.482(8) describes the exclusive list of legal errors by an agency that may justify relief in the Court of Appeals on judicial review.[5] ORS 183.484(4) describes a similar exclusive list of agency errors that may lead to relief in the circuit court on judicial review of a final order in other than a contested case.[6]

---

[5] ORS 183.482(8) provides:

"(a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A) Set aside or modify the order; or

"(B) Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b) The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision.

"(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

[6] ORS 183.484(4) provides:

"(a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A) Set aside or modify the order; or

Those lists of errors and forms of relief do not correspond with the showings described in the second and third exceptions in ORS 183.480(3). That contrast undermines OHCA's contention that the second and third exceptions in ORS 183.480(3) describe additional complaints about nonfinal agency actions that a court may consider on judicial review.

The rationale offered by the Court of Appeals to support its contrary conclusion does not withstand analysis. The Health Division argued to the Court of Appeals that an appellate court is not equipped to conduct an evidentiary proceeding wherein a person or party could make either of the showings described in ORS 183.480(3). The Court of Appeals responded, first, that parties in a judicial review proceeding may supplement an incomplete agency record, ORS 183.482(5), and, second, that ORS 183.482(7) authorizes the Court of Appeals on judicial review to refer to a master "disputed allegations of irregularities in procedure before the agency not shown in the record * * *."[7] *Oregon Health Care Assn.*, 148 Or App at 576-77.

■ We reject the first point. The procedure for adding evidence to an incomplete agency record is designed to facilitate judicial review. It is not an opportunity to create a record

---

"(B) Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b) The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision.

"(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

[7] ORS 183.482(7) provides, in part:

"In the case of disputed allegations of irregularities in procedure before the agency not shown in the record which, if proved, would warrant reversal or remand, the Court of Appeals may refer the allegations to a Master appointed by the court to take evidence and make findings of fact upon them. The court shall remand the order for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure."

to support either of the showings described in ORS
183.480(3).

■     The Court of Appeals also misread the procedure for
appointment of a master under ORS 183.482(7). That proce-
dure is designed to supplement the agency record regarding
irregularities in procedure before the agency that do not
appear in the record. The master's findings are meant to
expose a procedural error not shown in the record for one pur-
pose only: to permit judicial review of the claimed procedural
error. A proceeding before a master is not an occasion for
making the showings described in ORS 183.482(3).

Finally, the Court of Appeals suggested that its con-
clusion that "appellate courts *are* required to review interloc-
utory orders in contested cases," 148 Or App at 574 (empha-
sis in original), finds support in *Lane Council Govts v. Emp.
Assn.*, 277 Or 631, 561 P2d 1012, *reh'g den* 278 Or 335, 563
P2d 729 (1977). In our view, the Court of Appeals read too
much into this court's decision in that case. In *Lane Council*,
a public body petitioned for judicial review of an agency's
nonfinal order that determined that the public body was a
"public employer" within the meaning of ORS 243.650(18).
This court concluded that judicial review was not available
because the order was not final. 277 Or at 636. The public
body argued, in the alternative, that it was entitled to judicial
review of the order under ORS 183.480(3) because, it
asserted, the agency was proceeding without probable cause
and the public body would suffer substantial and irreparable
harm without interlocutory relief. This court considered and
rejected those claims. The opinion contains no suggestion
that any party claimed that the public body's alternative
claims fell outside the scope of judicial review. The court
devoted no analysis to, and did not decide, that question.
Consequently, the Court of Appeals' reading of *Lane Council*
rests on an unexamined assumption about the order's
reviewability, but not on the court's holding.

■     Finally, OHCA contends that the Court of Appeals'
decision is correct because any other statutory construction
would lead to the conclusion "that the legislature provided no
direction whatever concerning the proper forum for judicial
review of nonfinal orders." That argument is faulty in two

respects. First, as we have discussed, in the absence of a final order, judicial review of a *nonfinal* order under ORS 183.482 and ORS 183.484 is a contradiction in terms. The premise for judicial review under those statutes is a *final* order. Except as provided in ORS 183.490, only on review of a final order may a court consider a claim that, during its consideration of the matter, the agency issued an erroneous nonfinal order that warrants relief under ORS 183.482(8) or ORS 183.484(4).

Second, the text of ORS 183.480(3) contains other important clues about the proper forum for challenging a nonfinal order. That statute does not grant jurisdiction to any court to decide any claim. Instead, ORS 183.480(3) proceeds on the premise that *other* statutes create jurisdiction in a court to consider one of the listed exceptions. As already noted, ORS 183.482(1) vests jurisdiction in the Court of Appeals for judicial review of contested cases, ORS 183.484(1) vests jurisdiction for judicial review of orders in other than contested cases in the circuit court, and ORS 183.480(1), (2), and the first exception in (3) confine judicial review to a final order. No statute in the APA grants jurisdiction to any court to consider the showings described in the second and third exceptions in ORS 183.480(3).

■ ORS 183.480(3) is not silent about that matter, however. The statute indicates that the showings described in the second or third exceptions may be made in an "action or suit." In context, that phrase refers to the forms of action that a circuit court may entertain under other statutory grants of jurisdiction. A proceeding in circuit court affords a person or party to an agency proceeding an opportunity, by "action or suit," to challenge the validity of an agency's order, as described in ORS 183.480(3), by showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if nonfinal relief is not granted.

■ The term "showing" lends further support to our reading of the statute. In this context, a "showing" is:

"[A] statement or presentation of a case or an interpretation of a set of facts * * * APPEARANCE, EVIDENCE * * * proof or prima facie proof of a matter of fact or law * * *."

*Webster's Third New Int'l Dictionary*, 2106 (unabridged ed 1993). ORS 183.480(3) imposes no limit on the scope of the evidence that a person or party may offer in making either showing. The statute does not require a person or party to make the required showings to the agency before seeking relief in court. Those features of the statute indicate that the legislature meant a "showing" under ORS 183.480(3) to consist of a presentation of evidence and argument on the statutory criteria regardless of whether the person or party first had presented the evidence and argument to the agency, or the agency first had addressed and decided the issues presented. Moreover, the objective of each showing is judicial relief from unauthorized or harmful agency action, as described in ORS 183.480(3), not judicial review under ORS 183.482 or ORS 183.484. No plausible construction of the terms "action or suit" and "showing" in this context supports OHCA's argument that a party can make either required showing under ORS 183.480(3) on judicial review of a nonfinal order in the Court of Appeals.

*Brian v. Oregon Government Ethics Commission*, 320 Or 676, 891 P2d 649 (1995), illustrates at least one correct procedural path for challenging an agency's nonfinal order that is consistent with our construction. In *Brian*, the defendant agency issued a nonfinal order determining that it had cause to investigate the plaintiff for a statutory ethics violation. The plaintiff sought a preliminary injunction in circuit court against continuation of the investigation on the grounds that the agency was "proceeding without probable cause" and that the plaintiff would "suffer substantial and irreparable harm if interlocutory relief is not granted" under ORS 183.480(3). The trial court rejected the second claim, sustained the first claim, and enjoined the agency's investigation. On appeal, this court disagreed with the trial court's conclusion regarding the absence of probable cause and nullified the injunction. Although *Brian* resulted in no relief against the agency's nonfinal order, the case demonstrates that a circuit court proceeding for a preliminary injunction is one kind of proceeding that affords an opportunity to make the showings described in ORS 183.480(3).[8]

---

[8] *Brian* indicates that the plaintiff sought judicial review of the agency's non-final order in addition to a preliminary injunction. For the reasons stated herein,

In summary, our examination of the text of ORS 183.480 and its relevant context confirms our tentative conclusion. The legislature intended that a person or party would make the showings required by the second and third exceptions in ORS 183.480(3) in an "action or suit" in circuit court, and that the process of judicial review under ORS 183.482 and ORS 183.484 would address claims of error only in a final order. It follows that the Court of Appeals erred in determining that it had jurisdiction to review the nonfinal order of the Health Division. The Court of Appeals should have dismissed the petition for judicial review.

The decision of the Court of Appeals is reversed. The petition for judicial review is dismissed.

---

the request in *Brian* for judicial review of the order in circuit court was unavailing, because the order was not final.