Argued and submitted April 6, affirmed May 17, 2000

GRANTS PASS IRRIGATION DISTRICT,
*Appellant,*

*v.*

WATER RESOURCES DEPARTMENT
and Water Resources Commission,
*Respondents.*

(98-CV-0345; CA A104582)

1 P3d 480

Laura A. Schroeder argued the cause for appellant. With her on the brief was Schroeder Law Offices.

Philip Schradle, Chief Civil Assistant Attorney General, argued the cause for respondents. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

**DE MUNIZ, P. J.**

Petitioner Grants Pass Irrigation District seeks review of a Notice of Proposed Action initiating a contested-case proceeding of the Water Resources Commission and granting to WaterWatch of Oregon party status in that proceeding. Petitioner sought review of the Commission's order in circuit court. That court dismissed the proceeding for lack of subject matter jurisdiction. We affirm.

Petitioner argues that the order is a final order under the Administrative Procedures Act and thus is reviewable. A final order does not include a preliminary agency declaration that "precedes final agency action" or that "does not preclude further agency consideration of the subject matter of the * * * declaration." ORS 183.310(5)(b). This order initiates a contested case proceeding. It is a preliminary agency declaration that precedes final agency action, and it does not preclude further agency consideration of the subject matter. The trial court correctly determined that the order is not a final order.

After this case was briefed to the court, the Oregon Supreme Court decided *Oregon Health Care Assn. v. Health Div.*, 329 Or 480, 492, 992 P2d 434 (1999), which holds that the only grounds for a party to seek review of a nonfinal order in circuit court are under ORS 183.480(3), "by showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if nonfinal relief is not granted." At oral argument, petitioner suggested for the first time that the order, even if not final, caused it "substantial and irreparable harm." We decline to consider petitioner's argument for either of two reasons. First, in petitioner's memorandum of additional authorities that it submitted in response to our request to address the significance of *Oregon Health Care Assn.*, petitioner conceded that it "has not sought judicial review under ORS 183.480(3) through allegations that the April 17, 1998 order caused [it] substantial and irreparable harm[.]" Second, ORS 183.480(3) requires a "showing" that the party will suffer substantial and irreparable harm. Petitioner made no such showing in this case. Given petitioner's concession and its failure to

make a showing of substantial and irreparable harm, we do not consider petitioner's alternative argument.

Affirmed.