On petitioner's motion for review of Employment Relations Board's denial of motion to stay filed May 31, and respondent's memorandum opposing motion to set aside Employment Relations Board's denial of motion to stay filed June 6, motion for stay denied; order dated June 25 vacated October 2, 2002

## ARLINGTON SCHOOL DISTRICT NO. 3,
*Petitioner,*

*v.*

## ARLINGTON EDUCATION ASSOCIATION,
*Respondent.*

## UP-65-99; A118084

55 P3d 546

Bruce A. Zagar and Garrett, Hemann, Robertson, Jennings, Comstock & Trethewy, P.C., for motion.

Ralph E. Wiser *contra*.

Before Brewer, Presiding Judge, and Wollheim and Kistler, Judges.

BREWER, P. J.

### BREWER, P. J.

Arlington School District (the district) has petitioned for judicial review of an order of the Employment Relations Board (ERB), requiring the district to arbitrate the dismissal of a district employee. Pursuant to ORS 183.482(3)(a), the district moved that ERB stay enforcement of that order pending judicial review. ERB denied the motion, and the district moved that this court review that ruling. We granted the district's motion for review and for a temporary stay by an unpublished order pending fuller consideration and the issuance of a written opinion. The primary question presented is whether the district has made a showing that it would suffer irreparable injury if a stay is not granted.

The district's motion comes before the court with a past. The district terminated its athletic director. Arlington Education Association (the association) then submitted a grievance on behalf of the athletic director. The association requested arbitration of the grievance on the ground that arbitration is authorized by the collective bargaining agreement (CBA) between the association and the district. The district asserted that the CBA does not require arbitration of the grievance. The association then filed a complaint before ERB, alleging that the district's failure to arbitrate the grievance constituted an unfair labor practice, and seeking to compel the district to arbitrate.

ERB concluded that the district was obligated to arbitrate the grievance, that it had refused to do so and, accordingly, that it had committed an unfair labor practice. ERB ordered the district to arbitrate. The district sought judicial review of that order, assigning error to ERB's having taken official notice of the contents of a letter not included in the hearing record as evidence that the district had refused to arbitrate. We held that ERB had erred in taking that notice. *Arlington Ed. Assn. v. Arlington Sch. Dist. No. 3*, 177 Or App 658, 34 P3d 1197 (2001), *rev den*, 333 Or 399 (2002). We reversed and remanded to ERB for reconsideration.

On remand, a majority of ERB's members held that the district was obligated to arbitrate the grievance and found from other evidence in the record that the district had

refused to arbitrate. One board member dissented, reaching the opposite conclusion on both issues. The district then filed a motion, requesting that ERB stay the enforcement of its order pending judicial review.

The district's motion to ERB for a stay, and this court's review of ERB's denial of that motion, are governed by ORS 183.482(3), which provides:

"(a)   The filing of the petition shall not stay enforcement of the agency order, but the agency may do so upon a showing of:

"(A)   Irreparable injury to the petitioner; and

"(B)   A colorable claim of error in the order.

"(b)   When a petitioner makes the showing required by paragraph (a) of this subsection, the agency shall grant the stay unless the agency determines that substantial public harm will result if the order is stayed. If the agency denies the stay, the denial shall be in writing and shall specifically state the substantial public harm that would result from the granting of the stay.

"(c)   When the agency grants a stay it may impose such reasonable conditions as the giving of a bond, irrevocable letter of credit or other undertaking and that the petitioner file all documents necessary to bring the matter to issue before the Court of Appeals within specified reasonable periods of time.

"(d)   Agency denial of a motion for stay is subject to review by the Court of Appeals under such rules as the court may establish."

In its motion for review of ERB's denial of a stay, the district argues that it would be irreparably injured in two ways if it must arbitrate pending judicial review of ERB's decision. First, the district argues that, if the arbitrator were to decide that the athletic director should be reinstated, and this court later reversed ERB's order compelling arbitration, it would not be clear whether the district could remove the athletic director from his position and any attempt to do so might provoke more litigation. Second, the district asserts that it would be irreparably injured because its petition for

judicial review likely would become moot if the parties proceeded with arbitration and the arbitrator ruled in favor of the district. It asserts that such a result would deprive it of a potentially favorable ruling by this court on the issue of whether it had a duty to arbitrate in the first instance.

ERB determined that the district's petition for judicial review raised a colorable claim of error, thereby satisfying ORS 183.482(3)(a)(B). We confirm without discussion our agreement with that determination. The primary issue is whether the district made a "showing" of "irreparable injury" under subsection (3)(a)(A). Because the relevant facts are not in dispute, that question is one of law that initially depends on the meaning of the statutory term "irreparable injury." We consider the text and context of the phrase as it is used in ORS 183.482(3). *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

Neither ORS 183.482 nor any other statute within the Administrative Procedures Act defines "irreparable injury." However, the term had a well understood legal meaning when the version of ORS 183.482(3) containing it was enacted in 1975, and, accordingly, it should be given that meaning in construing the statute. *Stull v. Hoke*, 326 Or 72, 78, 948 P2d 722 (1997); *Gaston v. Parsons*, 318 Or 247, 253, 864 P2d 1319 (1994).

*Black's Law Dictionary* 924-25 (4th ed 1968), defines "irreparable injury" as follows:

> "This phrase does not mean such an injury as is beyond the possibility of repair, or beyond possible compensation in damages, or necessarily great damage, but includes an injury, whether great or small, which ought not to be submitted to, on the one hand, or inflicted, on the other; and which, because it is so large or so small, or is of such constant and frequent occurrence, or because no certain pecuniary standard exists for the measurement of damages, cannot receive reasonable redress in a court of law."

That general meaning is consistent with the Supreme Court's construction of the term before ORS 183.482(3) was enacted. In *Winslow v. Fleischner et al.*, 110 Or 554, 563, 223 P 922 (1924), the plaintiffs sought to enjoin the State Game Commission from enforcing an order restricting the hunting

of game animals and birds to certain times of the year. The court held that the plaintiffs could obtain injunctive relief on the ground that they lacked an adequate remedy at law if they established that they would be irreparably injured by the commission's order. The court held that "[w]hether or not an injury is irreparable depends not upon the magnitude of the injury, but upon the completeness of a remedy in law."[1] *Id.*

■■ With that meaning in mind, we turn to the question of whether the district has made a *showing* of irreparable injury. A "showing," in its ordinary legal sense, is "proof or prima facie proof of a matter of fact or law." *Webster's Third New Int'l Dictionary* 2106 (unabridged ed 1993); *see Oregon Health Care Assn. v. Health Div.*, 329 Or 480, 492-93, 992 P2d 434 (1999) (adopting the dictionary definition as the meaning of "showing" in ORS 183.480(3)). "Proof," in turn, is evidence that satisfies a burden of production or persuasion placed upon the proponent of a fact. *Marvin Wood Products v. Callow*, 171 Or App 175, 179, 14 P3d 686 (2000). Proof must not leave the existence of the fact at issue to speculation. *See Watzig v. Tobin*, 292 Or 645, 652 n 6, 642 P2d 651 (1982). Therefore, as pertinent here, a "showing" must at least demonstrate that irreparable injury *probably* would result if a stay is denied.

That understanding is reinforced by this court's decision in *Von Weidlein/N.W. Bottling v. OLCC*, 16 Or App 81, 514 P2d 560, 515 P2d 936, 517 P2d 295 (1973), *rev den* (1974). There, the petitioners sought judicial review of an Oregon Liquor Control Commission order canceling their liquor licenses. The predecessor statute to ORS 183.482(3), *former* ORS 183.480(3) (1971), *renumbered as* Or Laws 1975, ch 759, §§ 14, 15, did not contain any explicit standards to guide a court in determining whether to grant a stay pending judicial review of an agency decision. It provided, in part:

---

[1] In other decisions, the court characterized an injury as irreparable if it could not be adequately compensated in damages or no pecuniary standard existed for measuring damages. *See Crouch v. Central Labor Council*, 134 Or 612, 620, 293 P 729 (1930) (in a suit to enjoin picketing of a nonunion restaurant, damages are irreparable if measuring the amount of damages is difficult or impossible); *see also Norton v. Elwert*, 29 Or 583, 587, 41 P 926 (1895).

"The filing of the petition shall not stay enforcement of the agency order, but the agency may do so, or the reviewing court may order a stay upon the giving of a bond or other undertaking or upon such other terms as it deems proper."

We concluded that the petitioners had shown an irreparable injury and were entitled to a stay. We explained:

"By affidavit accompanying their initial motion for a stay and their motion for a continuance of a stay, petitioners claim that they '* * * have existing and ongoing contracts with wholesale distributors,' and that unless the Commission's cancellation orders are stayed they will go bankrupt. The Commission does not dispute these claims. *This, although in general terms, is, in the absence of any refutation, a substantial showing of high probability of irreparable injury.*"

*Von Weidlein/N.W. Bottling*, 16 Or App at 88 (emphasis added). Although our decision in *Von Weidlein/N.W. Bottling* did not turn on a construction of particular statutory language, its focus on the existence of a "probability" that irreparable injury would occur in the absence of a stay is consistent with the ordinary legal meaning of "showing."

■ Viewed in that light, the district's evidence does not establish a sufficient showing of irreparable injury to justify a stay pending judicial review of ERB's arbitration order. With respect to its first asserted injury, the district has shown, at most, that it is unsure whether and how it could remove the athletic director if an arbitrator ordered his reinstatement and the district later prevailed on judicial review. That argument is speculative. It assumes, but does not posit any legal authority for, the proposition that a decision by this court, holding that the district was not required to arbitrate, would not supersede an arbitrator's decision, pending judicial review, ordering the athletic director's reinstatement. That undeveloped and unsupported assertion does not show that the district would be irreparably injured if a stay is denied.

■ As to the second asserted injury, that the district would be irreparably injured by the loss of a possible legal victory in this court if the arbitrator were, in the meantime, to deny the association's grievance on its merits, the problem

is compounded. First, the district's arguable entitlement to relief in this court does not show that it would suffer irreparable injury if a stay is denied. That argument more properly relates to whether the district has made a showing of a "colorable claim of error in the order." ORS 183.482(3)(a)(B). Second, the district's *conjecture* that it might, before this court issues a decision on review, obtain a victory on the merits in the arbitration proceeding does not constitute a *showing* of irreparable injury.

We conclude that in both respects the district has not shown that it would suffer irreparable injury if a stay is denied.

Motion for stay denied; order dated June 25, 2002, vacated.