Argued and submitted February 7; appeal dismissed as moot; on cross-appeal, remanded for determination of portions of records, including testimony, exhibits, and discussions on the record, that must be unsealed because they are not protected from disclosure by ORS 676.175(1) May 11, 2022

Elizebeth Rose HARMON, M. D.,
*Plaintiff-Respondent
Cross-Appellant,*

*v.*

OREGON MEDICAL BOARD,
an Agency of the State of Oregon,
*Defendant-Appellant
Cross-Respondent.*

Marion County Circuit Court
19CV01582; A172082

510 P3d 949

The Oregon Medical Board (OMB) appeals from a judgment of the circuit court granting plaintiff a requested injunction from an OMB proposed emergency order suspending plaintiff's medical license. Plaintiff cross-appeals, raising two assignments of error, one of which challenges the trial court's rulings sealing documents and the record in the circuit court proceedings. The parties have settled the issues addressed in the circuit court judgment and now agree that OMB's appeal and plaintiff's first assignment of error on cross-appeal are moot. Plaintiff asserts, however, that her second assignment of error, challenging the court's order sealing documents and the record in the circuit court proceeding, is not moot and that she is entitled to an unsealing of court records that are not subject to protection under ORS 676.175(1). *Held*: The Court of Appeals agreed with the parties that OMB's appeal and plaintiff's first assignment of error on cross-appeal were moot. However, the court held that plaintiff's second assignment of error, challenging the court's order sealing documents and the record, was not moot, because plaintiff was still subject to the court's order, and a resolution of the issue by the Court of Appeals would have a practical effect on plaintiff's access to the records. On the merits, plaintiff was correct that only information obtained by the OMB as part of its investigation of plaintiff was protected from disclosure by ORS 676.175(1) and subject to sealing, and that the trial court therefore abused its discretion in sealing information that was not obtained by the OMB as part of its investigation of plaintiff and not protected by ORS 676.175(1).

Appeal dismissed as moot; on cross-appeal, remanded for determination of portions of records, including testimony, exhibits, and discussions on the record, that must be unsealed because they are not protected from disclosure by ORS 676.175(1).

Susan M. Tripp, Judge.

Robert M. Wilsey, Assistant Attorney General, argued the cause for appellant-cross-respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Conrad E. Yunker argued the cause for respondent-cross-appellant. Also on the briefs were Conrad E. Yunker, P.C., and Sue-Del McCulloch and Law Offices of Sue-Del McCulloch, LLC.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

TOOKEY, P. J.

Appeal dismissed as moot; on cross-appeal, remanded for determination of portions of records, including testimony, exhibits, and discussions on the record, that must be unsealed because they are not protected from disclosure by ORS 676.175(1).

**TOOKEY, P. J.**

The Oregon Medical Board (OMB) has appealed from a judgment of the circuit court granting plaintiff's request for injunctive relief from an OMB proposed emergency order suspending plaintiff's medical license, contending that the circuit court lacked jurisdiction to consider plaintiff's request. Plaintiff has filed a cross-appeal raising two assignments of error, one of which challenges the trial court's ruling sealing documents from the proceedings.

Subsequent to oral argument, plaintiff and the OMB agreed to a stipulated order that resolves the issues that were the subjects of plaintiff's claims in the circuit court. The OMB asserts that its appeal is now moot as a result of the stipulated order and seeks dismissal of the appeal.

Plaintiff concedes that the stipulated order has rendered the OMB's appeal and her first assignment of error on cross-appeal moot but contends that her second assignment of error on cross-appeal continues to present a live controversy. The OMB takes no position on the mootness of plaintiff's second assignment.

We conclude that the OMB's appeal is moot and dismiss the appeal. We agree with plaintiff that her second assignment of error on cross-appeal presents a live controversy, and we write to address that assignment. We agree with plaintiff that, to the extent the trial court sealed records that are not information obtained by the OMB as part of its investigation of plaintiff and not protected by ORS 676.175(1), the court abused its discretion. We remand for an unsealing of the record, except with respect to information obtained by the OMB as part of its investigation of plaintiff.

On January 2, 2019, plaintiff, a medical doctor licensed by the OMB, received a notice from the OMB of a proposed order of emergency suspension of her license. The notice advised plaintiff that if she did not enter into an "interim stipulated order" restricting her practice, the OMB would issue the emergency suspension on January 10, 2019. Plaintiff declined to enter into an interim stipulated order and, on January 9, 2019, she brought this proceeding

in the Marion County Circuit Court, seeking a temporary restraining order and injunctive relief from the OMB's proposed order.

The parties agree that OMB's proposed order was not a "final order" under the Administrative Procedures Act (APA) and therefore was not subject to judicial review by the Court of Appeals under ORS 183.482 (providing for judicial review of contested cases) or by the circuit court under ORS 183.484 (providing for judicial review of orders other than orders in a contested case). *See* ORS 183.310(6)(b) (defining "final order" as "final agency action expressed in writing"). Plaintiff's complaint alleged as a first "claim" that she was entitled to a restraining order and injunctive relief under ORS 183.480(3), which provides:

> "No action or suit shall be maintained as to the validity of any agency order except a final order as provided in this section and ORS 183.482, 183.484, 183.490 and 183.500 or *except upon showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if interlocutory relief is not granted*."

(Emphasis added.) Plaintiff contended that she was entitled to relief under the emphasized text of ORS 183.480(3), because the OMB was proceeding without probable cause, and because the OMB's proposed action would cause her to suffer substantial and irreparable harm.[1] The trial court granted plaintiff a temporary injunction and set the matter for hearing.

_____

[1] ORS 183.480 provides, in its entirety:

"(1) Except as provided in ORS 183.417(3)(b), any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final order, whether such order is affirmative or negative in form. A petition for rehearing or reconsideration need not be filed as a condition of judicial review unless specifically otherwise provided by statute or agency rule.

"(2) Judicial review of final orders of agencies shall be solely as provided by ORS 183.482, 183.484, 183.490 and 183.500.

"(3) No action or suit shall be maintained as to the validity of any agency order except a final order as provided in this section and ORS 183.482, 183.484, 183.490 and 183.500 or except upon showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if interlocutory relief is not granted.

"(4) Judicial review of orders issued pursuant to ORS 813.410 shall be as provided by ORS 813.410."

On the OMB's motion, and over plaintiff's objection, before the hearing on the preliminary injunction, the trial court closed the proceedings to the public, determining that under ORS 676.165(5)[2] and ORS 676.175(1),[3] investigative documents of the OMB were protected from disclosure.

At the hearing on the preliminary injunction, the OMB argued to the court that the OMB's proposed order was not a final order subject to judicial review and that the circuit court lacked subject matter jurisdiction to consider plaintiff's request for relief. Plaintiff responded that she was not seeking judicial review but was entitled to relief from the OMB's proposed action under ORS 183.480(3).

The circuit court rejected the OMB's jurisdictional challenge and agreed with plaintiff's contention that the OMB lacked probable cause to issue the proposed order suspending plaintiff's license on an emergency basis. The court rejected plaintiff's contention that the OMB's order would cause substantial and irreparable harm. The court then issued an order permanently enjoining the OMB from issuing an emergency order of suspension pursuant to the proposed order.

Plaintiff then amended her complaint to add a claim for declaratory judgment, seeking termination of a July 2017 stipulated order of the OMB. The matter went to trial. Under the same rationale that pertained to the preliminary injunction hearing, the court closed the trial to the public. The court also issued a written order sealing the record of that trial as well as the hearing on the preliminary injunction.

_____

[2] ORS 676.165 is an exemption from disclosure under the public records laws, ORS 192.001 to 192.990, and provides, in part:

"(1) When a health professional regulatory board receives a complaint by any person against a licensee, applicant or other person alleged to be practicing in violation of law, the board shall assign one or more persons to act as investigator of the complaint.

"* * * * *

"(5) Investigatory information obtained by an investigator and the report issued by the investigator shall be exempt from public disclosure."

[3] ORS 676.175(1) provides, "A health professional regulatory board shall keep confidential and not disclose to the public any information obtained by the board as part of an investigation of a licensee or applicant[.]"

The OMB prevailed on plaintiff's declaratory judgment claim. The court entered a single judgment relating to the preliminary injunction and the declaratory judgment claim.

The OMB appealed the judgment, asserting that the circuit court lacked subject matter jurisdiction to entertain plaintiff's request for injunctive relief or to issue an order enjoining the OMB. Plaintiff filed a cross-appeal, asserting in her first assignment that the trial court erred in failing to determine that "substantial and irreparable harm" would result from the OMB's proposed order if relief was not granted. Plaintiff contended in her second assignment that the trial court abused its discretion in closing the proceedings to the public and in sealing the hearing records, in violation of the "open courts" provision of Article I, section 10, of the Oregon Constitution.[4]

After submission of the appeal and cross-appeal, on February 24, 2022, the parties agreed to a stipulated order, under which the OMB agreed to withdraw the proposed order of emergency suspension and to terminate the July 2017 stipulated order. Based on the February 24, 2022, stipulated order, the OMB filed a notice of probable mootness, requesting dismissal of its appeal. *See Dept. of Human Services v. P. D.*, 368 Or 627, 631, 496 P3d 1029 (2021) ("As a general proposition, when it becomes clear that resolving the merits of a claim will have no practical effect on the rights of the parties, an appellate court may dismiss an appeal as moot.").

Plaintiff concedes that the OMB's appeal is moot as a result of the February 2022 stipulated order, and we agree.[5] Plaintiff also concedes that the stipulated order renders moot her first assignment of error on cross-appeal, and we agree. She asserts, however, that her second assignment is not moot. The OMB does not take a position on that mootness issue.

_____

[4] Article I, section 10, of the Oregon Constitution provides, in pertinent part, "No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay[.]"

[5] In view of the parties' stipulated order, we also conclude that the jurisdictional issue, which pertained to the trial court's authority to grant plaintiff's request for an injunction under ORS 183.480, is no longer presented.

In her second assignment of error on cross-appeal, plaintiff contends that the trial court abused its discretion in closing the two hearings to the public and in sealing the hearing records, beyond the scope of protecting confidentiality set forth in ORS 676.175, and in violation of the "open court" provision of Article I, section 10, of the Oregon Constitution.

It is undisputed that under ORS 676.175(1), documents obtained by OMB in its investigation of plaintiff are confidential records not subject to public disclosure. Prior to the hearing on the preliminary injunction, the court signed a stipulated protective order providing procedures for the handling of confidential documents. Then, as noted, at the hearing on the preliminary injunction, the court also excluded witnesses and the public. In closing the proceedings, the court explained that it was possible that evidence would be presented that should be protected under ORS 676.165 and ORS 676.175,[6] and that the court's recording system did not give the court the technological ability to seal the record during the proceeding for protected evidence only and to unseal the record as evidence came in that was not subject to protection under ORS 676.175. Thus, the court determined that the entire hearing would be closed to the public.[7]

---

[6] We note the trial court's reliance on ORS 676.165, which provides an exemption to public record disclosure of investigative materials created by the OMB. Our analysis is more precisely focused on ORS 676.175(1), which directs the OMB not to disclose "information obtained by the OMB as part of its investigation" of a licensee.

[7] The court explained:

"So there is a motion to seal the record, I have read both briefs. And my reading is that investigatory information is confidential and the—at one point there was an argument that there was a waiver by filing in the circuit court, I don't find that to be true.

"The statement is the Board shall not disclose to the public any information obtained by the Board as part of the investigation, including information concerning the licensee or applicant conduct and the report is confidential.

"So due to the court's technology, we do not have the ability to seal and unseal a record. Therefore, what the court believes is the best way to deal with that is if someone wants to have some part of the record unsealed, then they can provide the court with a request for a transcript, the court will enter an order for the transcript then the transcript will be provided to the court, and once provided to the court, the court will do redacting as the court sees appropriate, and then the court will release what, if ever, the court believes is not subject to redaction."

Subsequently, on OMB's motion and before the trial on plaintiff's declaratory judgment claim, the trial court entered an order sealing the record of the hearing on the preliminary injunction:

"Plaintiff licensee brought this action against defendant Oregon Medical Board for injunctive relief from defendant's proposed Order of Emergency Suspension of plaintiff's medical license. A hearing on plaintiff's motion for preliminary injunction was held in this matter on March 11-13, 2018.

"Statutory authority exists to protect the confidentiality of information obtained by defendant as part of its investigation of plaintiff, which may be contained in documents, testimony, or other information in this action. ORS 676.165 & ORS 676.175.

"Therefore, IT IS HEREBY ORDERED that the record of the hearing in this matter, including the testimony, exhibits, and discussions on the record, is sealed.

"Either party may submit a request to the Court itemizing specific portions of the record it wishes to have unsealed, along with reasons for unsealing such material. The presumption is that the entire record will remain sealed, and the burden of convincing the Court otherwise is on the party requesting the record to be unsealed."

The court issued a second identical order sealing the record with respect to the trial on plaintiff's declaratory judgment claim. The court also closed that proceeding to the public.

To the extent that plaintiff asserts that the court's decision to close the proceedings to the public was an abuse of the court's discretion, we conclude that the challenge is moot. In light of the stipulated order withdrawing the proposed emergency order of suspension and terminating the July 2017 stipulated order, a correction by this court of any error by the trial court in closing the proceedings is not likely to have a practical effect on the parties. *See State v. K. J. B.*, 362 Or 777, 785, 416 P3d 291 (2018) (holding that an otherwise justiciable case "becomes moot when a court's decision will no longer have a practical effect on the rights of the parties"). Thus, we do not address the correctness of the trial court's rationale in closing the proceedings to the public.

However, the court's written orders, which effected a sealing of the hearing records prospectively, continue in effect. Under them, records of the proceedings may be unsealed only upon request, with justification to be provided by the party seeking the unsealing. Thus, our review of the orders will have a practical effect on the parties' access to the records. We conclude for that reason that the issue as to the correctness of the court's orders sealing the records of the proceedings is not moot.

The parties appear to agree that under ORS 676.175, which requires that investigative records obtained by the OMB not be disclosed, the court had authority to seal investigative records. Plaintiff's assignment of error challenges the scope of the trial court's orders sealing all records, which are not limited to information obtained by the OMB as part of its investigation of plaintiff. We review the court's rulings for an abuse of discretion. *See Doe v. Corp. of Presiding Bishop*, 352 Or 77, 101, 280 P3d 377 (2012) (reviewing for abuse of discretion trial court's ruling redacting trial exhibits subject to protective order in face of Article I, section 10, challenge).

There is no explicit statutory authority authorizing a court to seal records protected from disclosure by ORS 676.175, but the authority is implicit. Under ORS 676.175(1), the OMB is required to keep confidential and not disclose to the public "any information obtained by the board as part of an investigation of a licensee or applicant, including complaints concerning licensee or applicant conduct and information permitting the identification of complainants, licensees or applicants[.]" Thus, we conclude that ORS 676.175(1) provides a source of authority for the sealing of records protected by ORS 676.175(1).

But the parties do not cite any other statutory authority that would authorize the sealing of records like these. *See Dept. of Human Services v. M. R.*, 251 Or App 387, 394, 283 P3d 952 (2012) ("In the absence of specific statutory authority to do so, courts lack inherent authority to order the sealing of judicial records."). As noted, in response to plaintiff's objections to the closing of the proceedings, the court explained that it did not have the technological

capacity to seal the proceedings only with respect to those materials subject to protection under ORS 676.175—thus, the court closed the proceedings. But the court's rationale for closing the proceedings does not extend to the sealing of all records of the proceedings prospectively. The court said that it had confidence in its staff's ability to separately identify records that were to remain sealed. Only those records subject to protection under ORS 676.175(1) may be sealed. In the absence of statutory authorization, we conclude that the trial court abused its discretion in entering an order sealing the entire record of both proceedings. We therefore remand the case for the trial court to determine which portions of the record are properly to remain sealed.

On remand, the court should determine those portions of the record that should be unsealed because they are not protected by ORS 676.175(1), and those portions of the record that must be sealed pursuant to ORS 676.175(1), as information obtained by OMB as part of plaintiff's conduct.[8]

Appeal dismissed as moot; on cross-appeal, remanded for determination of portions of records, including testimony, exhibits, and discussions on the record, that must be unsealed because they are not protected from disclosure by ORS 676.175(1).

---

[8] In view of our resolution of plaintiff's statutory contention, we do not address plaintiff's constitutional argument.