Argued and submitted September 28; affirmed on appeal, on cross-appeal, portion of judgment dismissing second claim reversed and remanded for entry of judgment on petition for judicial review affirming board's order
October 26, 2022

Minfang WANG,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

OREGON BOARD OF
MASSAGE THERAPISTS,
*Defendant-Respondent*
*Cross-Appellant.*

Multnomah County Circuit Court
20CV32742; A176721

519 P3d 1281

Plaintiff appeals from a judgment that dismissed her petition for judicial review challenging an order of the board, which refused plaintiff's request to disclose the investigative records that led the board to deny her application for licensure. Plaintiff argues that she was entitled to the report pursuant to ORS 676.175(3), which provides: "If a health professional regulatory board votes to issue a notice of intent to impose a disciplinary sanction, *** the board shall disclose to the licensee or applicant all information obtained by the board in the investigation of the allegations in the notice." *Held*: The disclosure requirement applies only to "applicants" or "licensees" at the time of the records request. Because plaintiff had withdrawn her licensure application, she was no longer an "applicant" when she requested the report. The trial court correctly concluded that the board was not required to disclose the report, but the appropriate disposition was to affirm the agency's order.

Affirmed on appeal; on cross-appeal, portion of judgment dismissing second claim reversed and remanded for entry of judgment on petition for judicial review affirming board's order.

Kelly Skye, Judge.

Thomas R. Benke argued the cause and filed the briefs for appellant-cross-respondent.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent-cross-appellant. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed on appeal; on cross-appeal, portion of judgment dismissing second claim reversed and remanded for entry of judgment on petition for judicial review affirming board's order.

**KAMINS, J.**

The trial court entered a judgment dismissing plaintiff's complaint against the Oregon Board of Massage Therapists (board), which asserted two "claims" for relief stemming from the denial of her application for a license. The first claim arose under the Declaratory Judgment Act; the second "claim" was actually a petition for judicial review challenging an order of the board refusing plaintiff's request to disclose the investigative records that led the board to deny her application for licensure. The trial court dismissed both claims, and plaintiff appeals. The board has filed a cross-appeal, contending that the trial court's disposition on the petition for judicial review was incorrect because, rather than dismissing that "claim," the board's order should simply be affirmed. We affirm the trial court's dismissal of the first claim, because it sought relief that was only available through an administrative proceeding under the Administrative Procedures Act (APA). On the second claim, we agree with the trial court that the board correctly held that the records were exempt from disclosure; but the board is correct that its order should be affirmed. On the cross-appeal, we therefore reverse that portion of the judgment dismissing the petition for judicial review and remand for a judgment affirming the board's order.

We recite the facts as alleged in the complaint in the light most favorable to plaintiff, the nonmoving party. *Chang v. Chun*, 305 Or App 144, 147, 470 P3d 410 (2020). In 2019, the board assessed a civil penalty against plaintiff for practicing massage without a license, based on the report of a board investigator. Plaintiff subsequently completed the training requirements needed to qualify for a massage license and applied for a license from the board. The board issued a notice of proposed action denying her application because of the findings of the 2019 investigation. Plaintiff challenged that notice by requesting a contested case hearing. In response, the board sent a letter alerting plaintiff to the fact that "the Contested Case Hearing process generally costs $15,000 to $25,000." Plaintiff responded that she could not afford to pay that amount and asked the board for advice. The board recommended that plaintiff obtain legal advice and described a few options, including withdrawal of

the license application so that she would "avoid the contested case hearing process and associated fees and costs that may be assessed to you." Plaintiff withdrew her hearing request. She subsequently made a public records request to the board for the report and materials from the 2019 investigation, which the board denied. She then filed the instant case.

Plaintiff's first claim sought a declaration that "the board does not have the authority to collect * * * the board's fees and costs in defending [an] application denial or other disciplinary sanction" and an order that the board reopen plaintiff's case and allow her "to continue her request for hearing contesting the board's denial of her application for licensure." As the trial court recognized, because she could have sought the relief in a contested case proceeding before the board, plaintiff *must* seek that relief directly from the board rather than the trial court. *See Salibello v. Board of Optometry*, 276 Or App 363, 367, 367 P3d 932 (2016) ("A court lacks subject matter jurisdiction under the Uniform Declaratory Judgments Act if some other exclusive remedy exists to address the dispute" and "[w]hen the dispute at issue involves an agency's action, or refusal to act, the review provisions of the APA provide the sole and exclusive means of obtaining judicial review, and an action for declaratory relief is not available."). The reasons for the requirement that a petitioner proceed through the agency process rather than file a civil lawsuit—often called "APA exclusivity"— "are many, but of greatest importance is a concern that the administrative decision-making process should not be prematurely interrupted, especially where agency expertise will play a large role in any decision on the merits." *Bay River v. Envir. Quality Comm.*, 26 Or App 717, 721-22, 554 P2d 620 (1976) (citing *McKart v. United States*, 395 US 185, 89 S Ct 1657, 23 L Ed 2d 194 (1969)); *see also Ashland Drilling, Inc. v. Jackson County*, 168 Or App 624, 630, 4 P3d 748, *rev den*, 331 Or 429 (2000) (recognizing that APA exclusivity serves the same purposes as the exhaustion requirement, because "the APA establishes a comprehensive pattern for the judicial review of administrative decisions" (internal citation omitted)).[1]

---

[1] We express no opinion on the propriety of the board's apparent practice of informing license applicants that pursuing a contested case hearing could cost the applicant $15,000 to $25,000.

Thus, we agree with the trial court that plaintiff's remedy, if any, was through the administrative process rather than through a declaratory judgment action.

Plaintiff's second "claim" sought judicial review of a board order denying her request for the 2019 investigative report. The board denied the request, because it concluded that the report is confidential and exempt from public disclosure. *See* ORS 676.165(5) ("Investigatory information obtained by an investigator and the report issued by the investigator shall be exempt from public disclosure."); ORS 676.175(1); ORS 687.081(9). Plaintiff argued that disclosure was required under a statute relating to the processing of complaints against health professionals. ORS 676.175(3) provides: "If a health professional regulatory board votes to issue a notice of intent to impose a disciplinary sanction, *** the board shall disclose to the licensee or applicant all information obtained by the board in the investigation of the allegations in the notice." We assume for the sake of this discussion that the board's order denying plaintiff's request to disclose the investigative record was an order in other than a contested case that would be subject to review in the circuit court. ORS 183.484 (providing for judicial review of orders in other than a contested case). Plaintiff contends that she had applied for a license and therefore was an "applicant" entitled to the investigation report about her. The board responds that, because plaintiff withdrew her application for licensure, she was no longer an "applicant" for purposes of the statute. We agree with the board.

A construction of ORS 676.175 confirms that the disclosure requirement applies to a person who is involved in an ongoing disciplinary proceeding at the time of the records request. We begin with the text of the statute. *PGE v. Bureau of Labor Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (Generally, "the text of the statutory provision itself is the starting point for interpretation and is the best evidence of the legislature's intent."). ORS 676.175(1) provides:

"A health professional regulatory board shall keep confidential and not disclose to the public any information obtained by the board as part of an investigation of a licensee or applicant, including complaints concerning

licensee or applicant conduct and information permitting the identification of complainants, licensees or applicants. However, the board may disclose information obtained in the course of an investigation of a licensee or applicant to the extent necessary to conduct a full and proper investigation."

ORS 676.175(3) provides an exception, allowing for disclosure of investigative reports to an "applicant" in a limited circumstance—if the board gives notice of an intent to impose a disciplinary sanction, then an "applicant" may obtain the report.[2] As "applicant" is not defined in the statute, we assume that the legislature intended to give the word its "plain, natural, and ordinary meaning." *State v. Delaurent*, 320 Or App 191, 195, 514 P3d 113, *rev den*, 370 Or 303 (2022). An "applicant" is defined as "one who applies for something : one who makes a usually formal request especially for something of benefit to himself" such as a job or a scholarship. *Websters Third New Int'l Dictionary* 105 (unabridged ed 2002). The concept is in the present tense: Someone who "applies" is a current candidate for a job, a scholarship, or in this case, a license. Nothing in the statutory text supports a deviation from the plain meaning of the word "applicant" that would suggest a legislative intent that the status of a person as an "applicant" continue indefinitely, such that the board would be required to disclose otherwise confidential records to former applicants or licensees not currently involved in an administrative proceeding.

On the contrary, the statute prioritizes maintaining confidentiality. ORS 676.175(1) ("A health professional regulatory board shall keep confidential and not disclose to the public any information obtained by the board as part of an investigation of a licensee or applicant."); ORS 676.175 (3)(a)-(d), (4) (preventing licensees and applicants from obtaining certain types of information, such as the identity of witnesses, and only allowing the further disclosure of confidential information "to the extent necessary to prepare for a hearing"). The disclosure requirement is thus a limited exception to the general rule of confidentiality that

---

[2] The board does not argue, and thus we do not address, whether the notice of proposed action denying plaintiff's license application constituted a "notice of proposed sanction."

exists to allow current applicants or licensees to prepare for disciplinary proceedings that affect them. As it is written, the statute reflects a legislative intent to prohibit access to the board's investigative documents to all but current applicants and licensees. As a result, we conclude that, unless the person subject to investigation is an applicant or licensee subject to discipline, they cannot obtain the documents that implicate them.

Here, because the board had denied plaintiff's application and she had discontinued an effort to seek administrative review of that decision, she was no longer an "applicant" when she requested the investigative report. The trial court correctly concluded that the board was not required to disclose the report under ORS 676.175(3).

Because, however, the second claim sought judicial review of a final agency order, the appropriate disposition was to affirm the agency's order. *See* ORS 183.484(5)(a) ("The court may affirm, reverse or remand the order."). We therefore reverse the portion of the judgment dismissing the second claim and remand the case to the trial court with instructions to enter a judgment affirming the board's order. *See Hoekstre v. DLCD*, 249 Or App 626, 638, 278 P3d 123, *rev den*, 352 Or 377 (2012) (reaching the same result).

Affirmed on appeal; on cross-appeal, portion of judgment dismissing second claim reversed and remanded for entry of judgment on petition for judicial review affirming board's order.