No. 912 October 22, 2025 319

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

James Michael MURPHY,
*Plaintiff-Appellant,*

*v.*

OREGON MEDICAL BOARD,
an agency of the State of Oregon,
*Defendant-Respondent.*

Marion County Circuit Court
22CV32195; A181736

Donald D. Abar, Judge.

Argued and submitted January 10, 2025; on appellant's motion to file extended memorandum of additional authorities filed January 9, 2025.

James M. Murphy argued the cause and filed the briefs *pro se*.

Jona J. Maukonen, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

**SHORR, P. J.**

Plaintiff appeals from a general judgment that dismissed his complaint for declaratory and injunctive relief against defendant Oregon Medical Board (board). Plaintiff's complaint sought a declaration that the board's prior final order that revoked plaintiff's medical license was "null and void." Plaintiff also asked the court to compel the board to provide him a new hearing on his license revocation and reinstate his prior license pending the outcome of that hearing. Following the board's motion to dismiss, the trial court dismissed the complaint, concluding that we, the court of appeals, had exclusive jurisdiction to consider challenges to final orders in contested cases under ORS 183.482(1). Plaintiff appeals, arguing that the trial court erred in dismissing the case and later denying his motion to amend his complaint. We conclude that the court did not err in either respect. As a result, we affirm.

We begin with a summary of the facts alleged in the complaint, which the trial court properly accepted as true for the purpose of the board's motion to dismiss. *See Tomlinson v. Metropolitan Pediatrics, LLC*, 362 Or 431, 434-35, 412 P3d 133 (2018) (accepting the facts as alleged on review of a grant of a motion to dismiss). Plaintiff was employed as a physician for the Oregon Air National Guard when he was accused by a female staff sergeant of performing an improper or unnecessary Pap smear and genital examination as part of her periodic health assessment. Among other things, plaintiff denied the allegation, asserted that he had not performed a Pap smear or genital examination for many years and then only with a female assistant present, pointed out inconsistencies between the sergeant's allegations and the written medical records, asserted that he took and passed a polygraph examination, and claimed to have been effectively exonerated by the decisions of state and federal authorities not to pursue criminal charges or further investigations. Plaintiff was initially discharged from the military with an "Other than Honorable Discharge," but that was later upgraded to "Honorable Discharge."

According to plaintiff, the board, allegedly without performing an investigation of its own, issued a complaint

and notice of disciplinary action against plaintiff relating to his Oregon medical license. Plaintiff alleged that the board's action was based on the allegations by the staff sergeant. Plaintiff represented himself and the matter proceeded to a hearing before Administrative Law Judge (ALJ) Bignon, who then took the matter under advisement. While the matter was under advisement, Bignon became unavailable. ALJ Mann then took over the matter despite plaintiff's objection. Plaintiff sought a new hearing and requested a new ALJ. ALJ Mann denied the request for a new ALJ as untimely under OAR 471-060-0005. ALJ Mann issued a proposed order and, following plaintiff's exceptions to that order, ultimately issued a final order. The final order found that, although the evidence did *not* establish that plaintiff performed an unauthorized Pap smear, his conduct when responding to the allegations had been unprofessional, and he had breached patient confidentiality. The final order revoked plaintiff's medical license and issued a substantial fine.

We turn to some of the subsequent procedural facts, which include procedural facts arising out of a prior proceeding before us and the Supreme Court. After the board revoked his license, plaintiff sought review of the final order in our court. Among other arguments, plaintiff contended that the board had acted unfairly and in violation of its procedural rules when the board denied his request for a new ALJ as untimely under OAR 471-060-0005. In March 2021, following briefing, we affirmed the board's order without opinion. *Murphy v. Oregon Medical Board*, 309 Or App 596, 481 P3d 313, *rev den*, 368 Or 637 (2021).

In the meantime, in July 2020, while plaintiff's request for judicial review was before us, the Oregon Supreme Court decided *Pulito v. Board of Nursing*, 366 Or 612, 468 P3d 401 (2020). *Pulito* concluded that OAR 471-060-0005, the same rule at issue in plaintiff's administrative matter, was an invalid administrative rule. *Id.* at 624. The court concluded that the rule exceeded the scope of its authorizing statute, ORS 183.645, because the rule failed to include discernable time periods for parties to request a change from the assigned administrative law judge. *Id.* at 624-25.

Plaintiff cited *Pulito* to us when seeking reconsideration of our decision to affirm the board's order without opinion. He argued that, under *Pulito*, ALJ Mann was required to grant him a different ALJ for a new hearing, and he noted that OAR 471-060-0005 was now invalid. We denied plaintiff's request for reconsideration. Plaintiff then sought review before the Oregon Supreme Court, relying in part on *Pulito*. The Supreme Court denied review. *Murphy v. Oregon Medical Board*, 368 Or 637, 496 P3d 630 (2021).

That brings us directly to the new case before us. After pursuing all options for review of the board's order revoking his license, plaintiff sued the board, seeking a declaration from the circuit court that the board's order was void and asking for injunctive relief, including requiring a new hearing and reinstating his license pending the outcome of that new hearing. As noted, the trial court granted the board's motion to dismiss the complaint, concluding that plaintiff's complaint was a collateral attack on a final order in a contested case, and that, under ORS 183.482(1) of the Administrative Procedures Act (APA), we have exclusive jurisdiction to review final orders in contested cases.

After entry of judgment, plaintiff filed a motion for leave to amend his complaint, arguing, among other things, that (1) he was entitled to amendment; (2) the trial court erred in dismissing the complaint in light of *Pulito*, which rendered any final order by the ALJ "void;" and (3) he had new and compelling evidence about the ALJ who ultimately decided his administrative matter.[1] The court denied the motion as untimely because it was filed after entry of the judgment.

Plaintiff raises at least four assignments of error, some of which are more properly denominated as arguments and are not true assignments to either the trial court's rulings or findings. *See* ORAP 5.45(3) (stating that each assignment of error must be to a legal, procedural, factual or other ruling that is being challenged). We understand plaintiff to properly raise two assignments of error to rulings of the

---

[1] Plaintiff noted that ALJ Mann had pleaded guilty to felony counts of encouraging child sexual abuse in an unrelated matter and had been removed as an administrative law judge.

court. Plaintiff contends that the trial court erred in dismissing the complaint and in denying his motion to amend the complaint.

Plaintiff first contends that the trial court erred in dismissing the complaint. As noted, the trial court ruled that we have exclusive jurisdiction to review challenges to final orders in contested cases. ORS 183.482(1) provides in relevant part that "[j]urisdiction for judicial review of contested cases is conferred upon the Court of Appeals. Proceedings for review shall be instituted by filing a petition in the Court of Appeals." The statute goes on to provide the procedures for seeking judicial review in a contested case and our role on review. ORS 183.482. Significantly, we addressed the same issue that plaintiff raises here in *Salibello v. Board of Optometry*, 276 Or App 363, 367 P3d 932 (2016). There, as here, the plaintiff sought a declaration from the trial court regarding his rights and status in a dispute with an administrative agency and further requested an injunction requiring the agency to provide him with certain documents. *Id.* at 366-67. We concluded that the trial court erred in issuing the declaration and ordering production of the documents because the agency's decision was subject to judicial review, and,

> "[w]hen the dispute at issue involves an agency's action, or refusal to act, the review provisions of the APA provide the sole and exclusive means of obtaining judicial review, and an action for declaratory relief is not available."

*Id.* at 367; *see also Ashland Drilling, Inc. v. Jackson County*, 168 Or App 624, 629, 4 P3d 748, *rev den*, 331 Or 429 (2000) (stating that "[w]e have held that when APA review is available, APA jurisdiction is exclusive" (internal quotation marks omitted)); *Lake County v. State of Oregon*, 142 Or App 162, 165, 920 P2d 1115 (1996) (stating that "numerous decisions of this court make clear that judicial review of final agency orders shall be solely as provided in the APA").

Plaintiff argues that he should be entitled to bring a separate declaratory judgment action, regardless of our exclusive jurisdiction, because the Supreme Court's decision in *Pulito* somehow rendered the board's final order here "void," and, as a result, there was no final order for us to have

exclusive jurisdiction to review. Therefore, he contends that he is entitled to bring this separate collateral action. But plaintiff had the opportunity in his original administrative proceeding to raise his arguments challenging the board's rules and processes. He also had the opportunity to seek, and did seek, judicial review of the board's final order applying those rules. Indeed, he raised *Pulito* on reconsideration to us and to the Supreme Court in his petition for review of the board's final order. The final order was then affirmed and not reversed, vacated, or otherwise rendered "void."

Plaintiff next argues that our decision in *Harmon v. Oregon Medical Board*, 319 Or App 488, 510 P3d 949 (2022) permits this collateral declaratory judgment and injunction action. But *Harmon* does not support plaintiff's argument. In *Harmon*, the trial court issued the plaintiff an order enjoining the Oregon Medical Board from issuing a *proposed* emergency order. *Id.* at 490. The board appealed, arguing that the trial court lacked jurisdiction to enjoin the agency action. *Id.* But after the board's appeal, the parties agreed to a stipulated order that resolved most of the disputed issues. *Id.* We concluded that the board's appeal and the plaintiff's related cross-assignment of error were moot. *Id.* We never reached the merits of any argument regarding the trial court's authority to issue a declaration and injunction.[2] *Harmon* does not apply here.

For those reasons, we conclude that the trial court did not err in concluding that it lacked jurisdiction to review plaintiff's request for a declaratory judgment and injunction that would have the effect of overruling an agency final order that had already been subject to our exclusive judicial review.

Plaintiff next assigns error to the trial court's decision to deny him, post-judgment, leave to amend his

---

[2] Further, the issue that we did not reach in *Harmon* involved a potential injunction against the agency's nonfinal order that was not subject to judicial review and not, as here, a final order that has already been subject to review. *See Oregon Health Care Assn. v. Health Div.*, 329 Or 480, 492-94, 992 P2d 434 (1999) (noting a limited exception under ORS 183.480(3) for a preliminary injunction in the circuit court over certain *nonfinal* orders where the agency is proceeding without probable cause and the opposing party will suffer substantial and irreparable harm if relief is not granted).

complaint. We reject this assignment without extended explanation. A trial court does not abuse its discretion in denying a motion to amend the complaint if such an amendment would be futile. *Clark v. University of Oregon*, 319 Or App 712, 722-24, 512 P3d 457, *rev den*, 370 Or 471 (2022). In moving to amend, plaintiff made arguments that effectively sought reconsideration by rearguing, among other things, that the board's order had not been final because *Pulito* rendered the order void. He also contended that there were new allegations relating to recent facts concerning ALJs Mann and Bignon. But plaintiff did not identify how his amended complaint added allegations that avoided the jurisdictional issues present in his original complaint. The trial court did not abuse its discretion in denying plaintiff's motion to amend as any amendment in these circumstances would have been futile.

In sum, we conclude that the trial court did not err in either of the ways asserted by plaintiff. As a result, we affirm.[3]

Motion to file extended memorandum of additional authorities denied; affirmed.

---

[3] Finally, we note that plaintiff has moved to file an extended memorandum of additional authorities under ORAP 5.85. We deny that motion. The materials submitted with the memorandum are not legal authorities but appear to be a declaration and other factual material that is not properly filed as an additional legal authority.