326 February 19, 2026 No. 119

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

NOUR EDDINE MOUKTABIS,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON
and Malika Amarou,
*Defendants-Respondents.*

Multnomah County Circuit Court
22CV25633; A180238

Stephen K. Bushong, Judge.

Argued and submitted January 6, 2025.

Nour Eddine Mouktabis argued the cause and filed the briefs *pro se*.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent State of Oregon. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Sandra M. Faber argued the cause for respondent Malika Amarou. Also on the brief was Faber Family Law, LLC.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.*

ORTEGA, P. J.

Affirmed.

_____
\* Joyce, Judge, *vice* Mooney, Senior Judge.

**ORTEGA, P. J.**

This is an appeal from a limited judgment granting defendants' Rule 21 motion to dismiss plaintiff's complaint for declaratory and injunctive relief.[1] Plaintiff asserts that because defendants based their Rule 21 motion on another action pending between the same parties for the same cause, ORCP 21 A(1)(c), defendants' failure to confer with plaintiff prior to the hearing barred the court from considering the motion pursuant to UTCR 5.010(1). However, arguments at the hearing focused on defendants' assertion that the trial court lacked subject matter jurisdiction to hear plaintiff's complaint, and the trial court's limited judgment granted dismissal on that basis. Ultimately, we agree that the trial court lacked subject matter jurisdiction because plaintiff's exclusive remedy falls under the Administrative Procedures Act (APA). Because the court lacked jurisdiction, any failure to confer was harmless. Accordingly, we affirm.

When reviewing whether a court has subject matter jurisdiction, we "assume the facts" as alleged in plaintiff's amended complaint. *Black v. Coos County*, 288 Or App 25, 27, 405 P3d 178 (2017). We recite the facts in light of that standard.

A judgment of dissolution was entered in May 2021 in the divorce proceedings of plaintiff and defendant Malika Amarou. That judgment ordered plaintiff to pay $1,600 per month in child support for two children and $2,000 per month in spousal support for 48 months and was "enforceable by income withholding" pursuant to ORS chapter 25. Eight months later, the Division of Child Support (DCS) notified plaintiff that his driver's license would be suspended because he owed arrears in the amount of $9,600. The notice communicated that plaintiff's recourse to challenge the decision would require him to "[s]ubmit the enclosed Request to Review License Suspension or other written request." DCS

---

[1] Plaintiff raised a second assignment of error challenging the trial court's denial of his motion for a preliminary injunction, but he withdrew it because we lack jurisdiction to hear it. ORS 19.270(7) (2013), *amended by* Or Laws 2025, ch 256, § 3("If a limited or supplemental judgment is appealed, the jurisdiction of the appellate court is limited to the matters decided by the limited or supplemental judgment."). Accordingly, we only address plaintiff's remaining assignment of error.

suspended his license, and plaintiff did not request review of the suspension. DCS later held $13,754.41 of "payments by the federal government to [plaintiff]" to enforce plaintiff's support obligations. Plaintiff contends that he was not given notice of DCS's intent to intercept payments by the federal government.

Plaintiff filed suit against the State of Oregon and Amarou for declaratory and injunctive relief relating to DCS's enforcement actions taken to secure plaintiff's unpaid child and spousal support.[2] The state moved to dismiss pursuant to ORCP 21 A(1)(c), arguing that the trial court below was not the proper venue because another action was pending between the same parties for the same cause. Plaintiff challenged the motion, arguing that the state failed to confer, as required by UTCR 5.010(1), and that no action was pending between the same parties for the same cause because the state was not party to the dissolution, and the dissolution proceedings did not seek to enjoin state action. The state reframed its argument to assert that a motion pursuant to ORCP 21 A(1)(c) was a jurisdictional argument and, thus, did not require conferral. The state also argued at the hearing on plaintiff's preliminary injunction that "plaintiff is unlikely to prevail on his claim here due to the exclusive remedy provided by the [APA]."

Relevant to this appeal, the court denied defendant's motion for a preliminary injunction, concluding that "only a [c]ourt with jurisdiction * * * over the subject matter * * * can issue an injunction." Similarly, the court granted the state's Rule 21 motion to dismiss, concluding that the court "currently lacks subject matter * * * jurisdiction to address the declaratory and injunctive relief claim, as currently pleaded, and to the extent that claim seeks to change in any respect the support orders issued by another [c]ourt."

We review a motion to dismiss for lack of subject matter jurisdiction for errors of law. *Black*, 288 Or at 29. To the extent that subject matter jurisdiction was not raised

---

[2] Plaintiff's complaint sought to compel the state's compliance with OAR 137-055-4420(3), ORS 25.610(4) (2018), *amended by* Or Laws 2025, ch 99, § 41, ORS 25.245(1) (2012), *amended by* Or Laws 2025, ch 99, § 19, ORS 25.241, and certain provisions of the judgment of dissolution.

sufficiently below, we also note that issues of subject matter jurisdiction may be raised for the first time on appeal. *See Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 384 8 P3d 200 (200), *adh'd to on recons*, 331 Or 595 (2001) (explaining that principle). Here, the court correctly granted the state's motion to dismiss for lack of subject matter jurisdiction because plaintiff's exclusive remedy is through an administrative review process governed by the APA. *See, e.g.*, *Salibello v. Board of Optometry*, 276 Or App 363, 367, 367 P3d 932 (2016) ("When the dispute at issue involves an agency's action, or refusal to act, the review provisions of the APA provide the sole and exclusive means of obtaining judicial review, and an action for declaratory relief is not available."). Plaintiff sought declaratory and injunctive relief based on DCS's actions pursuant to various statutes and administrative rules governing its authority to enforce the child and spousal support orders contained in the general judgment of dissolution.[3] Those statutes and rules articulate the process by which plaintiff may challenge DCS's enforcement actions. *See* OAR 137-055-4420(5) - (6); ORS 25.610(5); ORS 25.241(4). "An administrative review process, when available, is the exclusive means of reviewing an agency's action." *Reeves v. Wagner*, 295 Or App 295, 305, 434 P3d 429 (2018). As such, plaintiff's exclusive remedy was through the APA; thus, the trial court did not have subject matter jurisdiction to address plaintiff's complaint.

Plaintiff concedes in his reply brief that the administrative process, when available, is the exclusive remedy to an agency's actions, but argues in the alternative that his claims for relief involved "issues for which no administrative review

---

[3] Specifically, plaintiff challenged DCS's authority under or compliance with the following:

OAR 137-055-4420(3), requiring consideration of "obligor's employment and payment history, the obligor's current ability to pay, the likely benefit to the child, and any other pertinent factor in determining whether to initiate or continue the license suspension process";

ORS 25.610(4), governing the notice requirements and rights to administrative review prior to the collection of past due support from income tax refunds;

ORS 25.245(1), establishing a rebuttal presumption that an obligor is unable to pay child support when receiving certain assistance payments; and

ORS 25.241, explaining when an administrator may suspect enforcement of a support order.

process exists or issues over which DCS lacked subject matter jurisdiction to begin with." That argument is foreclosed by the clear language in OAR 137-055-4420(5) - (6) and ORS 25.610(5), establishing, respectively, the process for contesting an agency's authority to suspend an obligor's license and the process for contesting the agency's authority to collect past due support from income tax refunds.

We also conclude that, although the state's original motion to dismiss based on ORCP 21 A(1)(c) would have required the parties to confer, the state's arguments and the trial court's ultimately correct ruling that it lacked subject matter jurisdiction rendered harmless any error as to enforcement of that requirement. *See* UTCR 5.010(1) ("The court will deny any motion made pursuant to ORCP 21 and 23, except a motion to dismiss: (a) for failure to state a claim; or, (b) for lack of jurisdiction, unless the moving party, before filing the motion, makes a good faith effort to confer with the other party concerning the issues in dispute."); *see also* ORS 19.415(2) ("No judgment shall be reversed or modified except for error substantially affecting the rights of a party."). Because the court below lacked subject matter jurisdiction, defendant's failure to confer did not affect a substantial right of plaintiff. Thus, we affirm.

Affirmed.